28252. ROCKDALE COUNTY et al. v. CITY OF CONYERS.

JORDAN, Justice. On February 3, 1973, the City of Conyers, Georgia, filed its complaint in the Superior Court of Rockdale County against Rockdale County, Georgia, Bobby Brisendine, Commissioner of Roads and Revenues of Rockdale County, and Personality Homes, Inc., Atlanta Suburbia Estates, Ray Jones, Inc., and E. G. Hicks, alleging that the City of Conyers, under an agreement with the county, has "the exclusive right, privilege, and franchise, to acquire, construct, add to, and improve water sewage facilities. . ." in Rockdale County for a period of fifty years. The complaint further alleges that the defendants Ray Jones, Inc., Atlanta Suburbia Estates, and Personality Homes, Inc., are residential developers who have constructed sewage treatment plants in certain subdivisions in Rockdale County and "are ready or will be ready shortly, to turn over said sewer treatment plant to the proper governmental authority for the operation and maintenance" of same. The city asked for a declaration of its rights under the franchise agreement and sought to require the defendant developers to turn over said sewage treatment facilities to the city; that the

county be restrained and enjoined from asserting any right to receive the sewage treatment facilities, and that the defendant developers be enjoined from selling or transferring any interest in such facilities to the defendant Rockdale County.

The defendant Rockdale County filed its answer and set forth several defenses on the ground that the complaint failed to state a claim for relief under the declaratory judgment act; that the city failed to comply with an arbitration clause in the franchise agreement; that the city is seeking to be unjustly enriched; that it seeks to assert the rights of party defendants and not of itself; that the franchise agreement lacks mutuality; that the franchise agreement is vague, indefinite, and ambiguous; and that the complaint fails to show that the city is in any danger of taking any action which would require direction. The county also filed a counterclaim based on the contention that the city was charging substantially higher rates to citizens who lived outside the city limits of Conyers as compared to residents of the city. The other defendants did not answer the complaint.

After hearing testimony of witnesses and consideration of the documentary evidence, including the franchise agreement between the city and the county, the trial court filed its order on May 5, 1973, holding that under the franchise agreement the city had an exclusive franchise to acquire, construct, add to, and improve water and sewage facilities and thereafter to operate, maintain, repair, replace, extend and improve said water and sewage facilities in the County of Rockdale outside the corporate limits of the City of Conyers; that the city was entitled to acquire and operate the three sewage treatment plants described in the petition, and further ordered that the defendant Rockdale County be restrained and enjoined permanently from asserting any rights to receive the said sewage treatment facilities. From this judgment the defendant Rockdale County appeals. *Held:*

1. The trial court did not err in overruling the appellant's motion to dismiss for failure to state a claim for declaratory relief. The petition alleges that the defendant subdivision developers were about to turn over to Rockdale County the sewer treatment plants described in the petition and that Rockdale County was asserting its claim to these plants. The Civil Practice Act is applicable to actions seeking declaratory judgment and the test of what is needed to withstand a motion to dismiss a petition for declaratory judgment is determined under Title 81A of the Code. *Southeastern Fidelity Fire Ins. Co. v. State Farm Mut. Auto. Ins.*

*Co.,* 118 Ga. App. 861 (165 SE2d 887). The petition clearly showed an actual controversy between the city and the county under the franchise agreement sufficient to withstand the motion to dismiss.

2. The trial court did not err in excluding evidence offered by the appellants to the effect that rates charged to residents in the county were substantially higher than those charged for residents within the city, that the city had failed to supply certain services, and that certain funds had been transferred from the water and sewage fund into the general fund. A part of the preamble to the franchise agreement states that after "due investigation and careful consideration the Commissioner of Roads and Revenues of Rockdale County deems it advisable and in the best interest of the county and its residents to grant a franchise to the City of Conyers," and that in order for the city to carry out its obligations under the agreement "it will be necessary for the city to issue water and sewage revenue bonds in an amount of $1,140,000." The record shows that such bonds were issued in that amount and that a second series of bonds was issued in the amount of $2,410,000 and that the city had provided water and sewage facilities for the residents of Rockdale County as provided in the franchise agreement. The chairman of the Board of Commissioners of Rockdale County testified positively that the city had not refused to perform any services under the agreement which had been requested of it. Any unreasonable or discriminatory rates charged by the city to the residents of the county might give rise by these residents to a claim, but such evidence could not be construed to vitiate the franchise agreement between the city and the county. As to the alleged transfer of funds, we find nothing in the franchise agreement to prevent the city from doing this, the city only being required to operate the facilities on a reasonably business-like basis so that the indebtedness might be liquidated.

3. Neither did the trial court err in excluding proffered evidence to the effect that the three sewage treatment plants in question were self-contained facilities. Under the language of the franchise agreement the county granted the city the "exclusive right, privilege, and franchise to acquire, construct, add to, and improve water and sewage facilities and thereafter operate, maintain, repair, replace, extend, and improve said water and sewage facilities together with all of the necessary mains, pipes, devices, outlets, meters, connections, appurtenances, and

accessories useful or desirable in connection therewith." This language is clearly broad enough to include the sewage treatment plants in question even assuming them to be self-contained facilities. The evidence shows that the sewage treatment plants in question serviced the entire subdivisions which receive their water supply from the city's water system and that the sewage treatment plant cannot operate without water from the city's system.

4. The franchise agreement contained a provision "that if any disagreement shall arise with reference to any of the terms or conditions of this franchise, or with reference to any matter connected with the same, such disagreement or disputes shall be immediately submitted to and decided by arbitrators." The county contends that the trial court erred in holding such arbitration clause void and unenforceable. The early case of *Parsons v. Ambos,* 121 Ga. 98 (48 SE 696) holds that agreements whereby the validity and effect of a contract, or the rights of the parties, are submitted to arbitration may *operate* to oust the courts of jurisdiction are contrary to public policy and may be revoked at any time. In the case of *Lawrence v. White,* 131 Ga. 840 (63 SE 631), it was held that a mere general stipulation in a contract that differences between the parties shall be referred to arbitration does not prevent either party from resorting to the courts without referring such matters to arbitration. See also, *Millican Electric Co. v. Fisher,* 102 Ga. App. 309 (116 SE2d 311); *Adams v. Haigler,* 123 Ga. 659 (51 SE 638); *State Hwy. Dept. v. MacDougald Const. Co.,* 189 Ga. 490 (6 SE2d 570); *Wright v. Cecil A. Mason Const. Co.,* 115 Ga. App. 729 (155 SE2d 725); *Locklear v. Payne,* 124 Ga. App. 845 (186 SE2d 439). In view of these cases the ruling of the trial court, if error, would be harmless. As to the rule governing contracts to which the federal law is applicable, see *West Point-Pepperell Co. v. Multi-Line Industries,* 231 Ga. 329.

5. We have carefully considered all other enumerations of error and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

Argued September 12, 1973 — Decided November 29, 1973.

*Manning, Read & Richardson, Curtis R. Richardson, Charles H. Hyatt,* for appellants.

*E. T. Hendon, Jr., Swertfeger, Scott, Pike & Simmons, M.*

*Hardeman Blackshear, Richard P. Decker,* for appellee.