30687. ATLANTA SUBURBIA ESTATES, LTD. v. DeKALB FEDERAL SAVINGS & LOAN ASSOCIATION et al.
30688. CITY OF CONYERS et al. v. DeKALB FEDERAL SAVINGS & LOAN ASSOCIATION et al.

NICHOLS, Chief Justice.
The appeals in these two cases arise from a single

judgment wherein mandamus absolute was granted on a complaint by DeKalb Federal Savings & Loan Association to require the City of Conyers, its mayor and councilmen and the city manager to issue a "tap on" permit so as to permit the plaintiff to connect onto the sewerage system operated by the city.

After the complaint was filed, Atlanta Suburbia Estates, Ltd. was permitted to intervene as a party defendant. The defense of the City of Conyers, as well as Atlanta Suburbia Estates, Ltd. is that the sewerage treatment plant and the sanitary sewer line, which the plaintiff desires permission to tap on to, is owned by Atlanta Suburbia Estates, Ltd., that the city merely has an easement to such facilities and in the absence of consent by Atlanta Suburbia Estates, Ltd., the city has no authority to permit the plaintiff to tap on to such facilities.

The evidence adduced before the trial court disclosed that Atlanta Suburbia Estates, Ltd. and Gross Brothers were engaged in the business of developers, and had developed into subdivision lots a tract of land located in Rockdale County. Certain building lots in the subdivision were sold to one Bennie Howard, who was operating a construction company. In order to obtain the necessary financing, a deed to secure debt was executed to DeKalb Federal Savings & Loan Association. When Howard was unable to make the required payments to DeKalb Federal, the deed to secure debt was foreclosed and such lots were purchased by DeKalb Federal Savings & Loan Association. Thereafter, DeKalb Federal Savings & Loan Association applied for a tap on permit for one of such lots. The City of Conyers replied to such request that if a payment of $2,500 was made to Atlanta Suburbia Estates, Ltd. then such tap on would be permitted but not otherwise and: "Under the provisions of the agreement between Atlanta Suburbia and the City of Conyers, the city must comply with its requirements and not allow the tie-in unless the requirements of Atlanta Suburbia Estates are met."

Under a franchise agreement entered into in 1973, the City of Conyers had the "exclusive right, privilege, and franchise to acquire, construct, add to, and improve

water and sewage facilities and thereafter operate, maintain, repair, replace, extend, and improve said water and sewage facilities together with all of the necessary mains, pipes, devices, outlets, meters, connections, appurtenances, and accessories useful or desirable in connection therewith." See *Rockdale County v. City of Conyers,* 231 Ga. 477 (202 SE2d 436) (1973).

On October 1, 1974 an agreement was entered into between the City of Conyers, Atlanta Suburbia Estates, Ltd. and Gross Brothers whereby a sewerage treatment facility constructed by Suburbia Estates, Ltd. and Gross Brothers was conveyed by easement to the City of Conyers with the right in Atlanta Suburbia Estates, Ltd. and Gross Brothers to retain the exclusive use and control of such facility's current capacity. Such easement is the basis of the city's refusal to permit DeKalb Federal Savings & Loan Association a tap on permit.

The subdivision in question was developed prior to the date of the easement agreement. A plat dated January, 1973, included a dedication to public use all improvements designated and shown on such plat. This plat discloses easements for sanitary sewer installations and it was undisputed that such lines had been installed, and that a number of purchasers of lots in such subdivision had been permitted to tap on to such sewer lines.

Properly construed, the reservation of current capacity of such sewerage treatment facility must refer to the capacity not previously dedicated. If any capacity remains after subtracting from the total capacity of such facility the amount necessary to provide for those lots previously developed (such as the lot owned by DeKalb Federal Savings & Loan Association), then the developer would be permitted to assign such remaining capacity to future developments. Under such circumstances the granting of the mandamus absolute requiring the issuance of the "tap on" permit was not error.

The decision in *Denby v. Brown,* 230 Ga. 813 (199 SE2d 214) (1973), relied upon by the appellants, is not controlling in the present case. That case dealt with the extension of sewer lines and not with a sewer line installed for the use of the property owned by the plaintiff

in the trial court.

In view of the conclusion reached above, it is unnecessary to expressly pass upon the remaining enumerations of error.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 19, 1976 — DECIDED
FEBRUARY 17, 1976.

*Arnall, Golden & Gregory, Edward S. Sams, Thomas R. Todd, Jr.,* for appellant (case no. 30687).

*Vaughn, Barksdale & Nation, Robert W. Maddox, Jeffrey M. Starnes, A. R. Barksdale,* for appellees.

*Swertfeger, Scott & Turnage, L. Jack Swertfeger, Jr., Donald F. Crane,* for appellants (case No. 30688).

*Vaughn, Barksdale & Nation, Robert W. Maddox, Jeffrey M. Starnes, A. R. Barksdale,* for appellees.