A97A2181. PAGE et al. v. CITY OF CONYERS.
(499 SE2d 126)

SMITH, Judge.

On August 25, 1967, Rockdale County entered into a franchise agreement with the City of Conyers for the city to provide water and sewer services to the residents of Rockdale County. In consideration for the franchise agreement, the county granted exclusive rights to the city to use county roads and rights-of-way to acquire, construct, improve, and operate sewer and water facilities in the county.

In 1973, the city filed suit against the county, asking for a declaration of its rights under the franchise agreement and seeking to restrain the county from acquiring rights to three sewage treatment facilities in Rockdale County constructed by developers. In that case, the Supreme Court affirmed the trial court's determination that the city was granted an exclusive franchise by the county pursuant to the franchise agreement to acquire and operate the three sewage treatment plants at issue. *Rockdale County v. City of Conyers*, 231 Ga. 477 (202 SE2d 436) (1973).

In 1987, the franchise agreement again became the subject of litigation when the county filed suit against the city alleging violations of the agreement. Subsequently, a citizen's group, composed of Rockdale County residents, initiated a second action against the city

alleging similar violations. Eventually, the citizens' action was dismissed, and the named plaintiffs intervened in the litigation initiated by the county.

An agreement was entered into by the county and the city on May 23, 1989, settling the pending litigation between the parties. The intervenors were not made parties to this settlement agreement. Pursuant to the terms of the settlement agreement, the city was authorized to transfer water and sewer fund monies into its general account as reimbursement for necessary and reasonable costs incurred in operating the water and sewer system. The amount of these transfers was deemed "allowable costs" and was to be determined under a plan devised by the city using guidelines set forth in O.M.B. Circular 1-87 attached to the settlement agreement.

Both the franchise agreement and settlement agreement were amended by the parties on August 10, 1993, and on December 10, 1996, the county and the city entered into a Termination and Release Agreement declaring both agreements to be "of no further force or effect."

Plaintiffs brought this action against the city on February 3, 1997, on behalf of themselves and all other persons who received water and sewer services from the city at any period between the years of 1991 and 1996 and resided outside the city limits of Conyers but within the political subdivision of Rockdale County.[1] They sought damages in the amount of $10,685,536 for excess rates allegedly charged by the city to the county customers in violation of both the franchise and settlement agreements. They also sought an accounting to determine the amount the city allegedly charged the county in excess of the "allowable costs" set forth in the settlement agreement.

The city filed a motion to dismiss the complaint on the ground that plaintiffs lacked standing to assert their claims. The trial court granted the city's motion in a well-reasoned order, finding plaintiffs were not intended third-party beneficiaries under either the franchise or settlement agreement. The court found that plaintiffs were incidental beneficiaries and therefore lacked standing to bring this action. We agree and affirm.

1. Plaintiffs argue the trial court erred in granting the city's motion to dismiss for lack of standing because both the franchise and settlement agreements expressly conferred third-party beneficiary status on Rockdale County citizens.

Under OCGA § 9-2-20 (b), third-party beneficiaries to a contract may sue in their own names to enforce the contract, but it must clearly appear from the contract that it was intended for their bene-

---

[1] The record does not indicate whether this class was ever certified.

fit. *Miree v. United States*, 242 Ga. 126, 135 (249 SE2d 573) (1978). See also *Backus v. Chilivis*, 236 Ga. 500, 502 (224 SE2d 370) (1976).

A third-party beneficiary must be the *intended* beneficiary of the contract; the mere fact that a third party would benefit incidentally from the performance of the contract is not alone sufficient to give such person standing to sue on the contract. *Miree*, supra at 135; *Backus*, supra at 502; *Southeast Grading v. City of Atlanta*, 172 Ga. App. 798, 800 (1) (324 SE2d 776) (1984). See also *Culberson v. Fulton-DeKalb Hosp. Auth.*, 201 Ga. App. 347, 349 (1) (d) (411 SE2d 75) (1991) (physical precedent only), overruled on other grounds, *Lemonds v. Walton County Hosp. Auth.*, 212 Ga. App. 369 (441 SE2d 821) (1994).

(a) *The Franchise Agreement*. In support of their claim that the franchise agreement expressly conferred third-party beneficiary status on the citizens of Rockdale County, plaintiffs rely exclusively on language in the preamble to the agreement providing that the grant of the franchise "will benefit the county and its residents." We find this language to be insufficient to evidence an intent to confer third-party rights upon plaintiffs: "Practically, every contract entered into by a county is for some public benefit because the only business of the county is public business." *Miree*, supra at 135.[2]

We also reject plaintiffs' argument that the Supreme Court acknowledged plaintiffs' third-party rights under the franchise agreement in *Rockdale County v. City of Conyers*, supra. In *Rockdale County*, the Supreme Court rejected the county's argument that evidence of unreasonable or discriminatory rates charged by the city could vitiate the franchise agreement, and further stated that "[a]ny unreasonable or discriminatory rates charged by the city to the residents of the county *might* give rise by these residents to a claim." (Emphasis supplied.) Id. at 479. This somewhat ambiguous statement is obiter dictum because it was not the basis for the holding of the Supreme Court in that case. Moreover, *Rockdale County* was decided prior to *Miree* and *Backus*, and therefore cannot be relied upon by plaintiffs as evidencing a clear intent to confer third-party beneficiary status.

(b) *The Settlement Agreement*. Plaintiffs were not parties to the settlement agreement even though they were intervenors in the litigation. Nevertheless, they contend the settlement agreement conferred third-party beneficiary status on the citizens of Rockdale

---

[2] In *Miree*, the language relied upon by the plaintiffs to confer third-party beneficiary status referred to the facility in issue being operated by DeKalb County "for the use and benefit of the public." Id. at 127. The Supreme Court found this language did not plainly reflect an intention by the parties to permit the general public to sue on the contract. Id. at 135-136.

County because the parties acknowledged in the agreement that "the city's operation of the water and sewer system [was] for the benefit of the citizens of both jurisdictions." As discussed above, we find the language relied upon by plaintiffs insufficient under *Miree* and *Backus*, supra, to evidence an intent to create third-party rights in plaintiffs. Plaintiffs received incidental benefits from these agreements as citizens of Rockdale County, but that alone was insufficient to confer standing to sue. *Miree*, supra at 135.

Other language in the settlement agreement relied upon by plaintiffs was also insufficient to establish standing. In a section entitled "Effect of Settlement," the city and county agreed that the terms of the settlement agreement would be binding on both parties "as to any claims, suits or arbitrations brought against either or both of them concerning the operation of the water/sewer system by third parties, and that neither shall take a position contrary to this agreement as to any third-party claims or suits, or arbitrations." Plaintiffs argue this language evidences an acknowledgment by the city and county that third-party claims already in existence under the franchise agreement were excluded from the operation of the settlement agreement or, alternatively, that the city and county intended to confer new third-party rights in Rockdale County citizens. We find both arguments to be without merit.

With regard to plaintiffs' first argument, the settlement agreement expressly provides that the parties entered into the agreement for the purpose of "fully and completely settling the claims, differences and causes of action" raised in the litigation. With regard to the second argument, we find the language relied upon by plaintiffs was not intended to grant any additional rights under the franchise agreement, but was intended to prevent the two governmental entities from taking a position contrary to the terms of the settlement agreement in cases brought by third parties, such as the present action.

*Gardner & White Consulting Svcs. v. Ray*, 222 Ga. App. 464 (474 SE2d 663) (1996), relied upon by plaintiffs, is distinguishable from the present case. In *Gardner*, we held that an employee had standing to bring an action against the administrator of a county health plan for denial of health insurance coverage because the contract at issue specifically provided that the administrator would provide certain services directly to the claimant, who had earned them individually as an employee of the county. Here, the county contracted with the city to provide water and sewer services for the benefit of *Rockdale County*, so that the county would not have to provide these services to its citizens. Like the agreements in *Backus* and *Miree*, the franchise and settlement agreements entered into by the county and the city did not evidence an intent to benefit plaintiffs directly. Like

all contracts entered into by governmental entities, these agreements benefited all citizens indirectly, in this case by arranging for water and sewer services, but these benefits were only incidental. Merely entering into a contract for the benefit of the public does not create third-party beneficiary status under Georgia law. *Miree*, supra; *Backus*, supra.

2. Plaintiffs also argue the trial court erred in finding that plaintiffs, as consumers of water and sewer services supplied by the city, did not have standing to bring this action even though the city failed to abide by the regulatory language incorporated into these agreements.

Inclusion of regulatory language in the franchise and settlement agreements adds nothing to plaintiffs' argument. The franchise and settlement agreements were entered into between two governmental entities, and the regulatory provisions contained in these agreements were for the benefit of and binding upon only those governmental entities. If the city charged rates in excess of the "allowable costs" provided for in these agreements, then the county was the proper party to assert a claim or institute an action against the city. "[L]egal title to funds in the county treasury is in the county and any suit to recover money illegally paid by the county or owed to the county by virtue of a breached contract must be brought by the county itself. Citizens and taxpayers do not have standing to bring such a suit. [Cits.]" *Backus*, supra at 501.

The trial court did not err in granting the city's motion to dismiss on the grounds that plaintiffs did not have standing to bring this action.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 17, 1998 ▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Serio & Swilley, Salvatore J. Serio, Chapman & Pope, Daniel C. Chapman, Tricia B. Smith, James E. Carter*, for appellants.

*Talley & Sharp, Janice C. Sharp, Sutherland, Asbill & Brennan, J. D. Fleming, Jr., Dulaney L. O'Roark, John L. North*, for appellee.