David HUDSON, et al., Appellants,

v.

RIVERPORT PERFORMANCE ARTS
CENTRE, Joint Venture, et al.,
Respondents.

No. ED 77306.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 21, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 17, 2001.

Application for Transfer Denied
March 20, 2001.

Fred Roth, St. Louis, for appellant.

Rabbitt, Pitzer & Snodgrass, P.C., Daniel T. Rabbitt, James A. Hansen, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants, David and Susan Hudson, ("appellants"), appeal the judgment of the Circuit Court of the City of St. Louis granting motions for summary judgment in favor of the respondents, Riverport Performance Arts Centre, Joint Venture, Contemporary Investment Corp ., Sverdrup/MDRC Joint Venture; McDonnell Douglas Realty Co., Contemporary Productions, Inc., (collectively, "Riverport"), and BMW Entertainment Services, Inc., ("BMW"), denying the appellants' motion for leave to file a third amendment by interlineation. We affirm.

On July 26, 1996, appellants filed suit to recover for injuries sustained from an assault from an unknown third party while attending a concert at Riverport Amphitheater during a Lynyrd Skynyrd and Doobie Brothers Concert and for loss of consortium. There was evidence that Mr. Hudson was struck in the face with a whiskey bottle by a "long-haired gentleman" after an argument arose over a blanket. In his deposition, Mr. Hudson testified that two or three minutes prior to the assault, he and the "long-haired" gentleman had exchanged some words. The long-haired gentleman then walked away, and Mr. Hudson, "just assumed it was over." Then the "long-haired" gentleman approached Mr. Hudson the second time and in "just a few seconds" he struck Mr.

Hudson with a bottle. The "long-haired" gentleman then faded into the crowd. Mr. Hudson was immediately escorted by his friends to seek medical treatment, and Mrs. Hudson went to get security.

Riverport had entered into a contract with BMW to provide security. On the night in question, BMW had employed 90 security personnel, 14 of which were patrolling the lawn area in which appellants were seated. Mrs. Hudson testified, two or three security personnel were standing approximately twenty feet from them, but were unaware of the attack until she ran to them for help. Additional security personnel were at the entrance of the amphitheater conducting pat-down searches, checking bags and blankets, etc. Bottles are not allowed on the premises of the amphitheater and are confiscated if found.

BMW filed a motion for summary judgment arguing appellants failed to offer any evidence that BMW would fall within a recognized exception to the general rule, there is no duty to protect a business invitee from criminal acts of unknown third persons. Riverport adopted BMW's motion for summary judgment that the trial court treated as a joint motion for summary judgment. On August 19, 1999, the eve of a summary judgment hearing, the appellants filed their motion for leave to a file a third amendment to petition. Through said motion, appellants sought to add a claim "…the search conducted by the Defendants was negligent in failing to discover a glass bottle of alcohol on the perpetrators that engaged in a fight at the performance on the Defendant Riverport's premises, by which Plaintiff, David Hudson, was struck, resulting in the injuries he sustained…" The trial court sustained the motions for summary judgment stating the appellants failed to show Riverport or BMW owed a duty to protect them, an invitee, from criminal acts of unknown third persons. The trial court denied appellants' proposed amendment; finding it lacked merit and appeared to be asserted

to avoid the defendant's dispositive motions.[1]

Appellate review of a motion for summary judgment is essentially de novo. *ITT Commercial Finance v. Mid-Am. Marine,* 854 S.W.2d 371, 376 (Mo.banc 1993). Appellate courts review the record in the light most favorable to the party against whom judgment was entered. *Id.*

Appellants raise two points on appeal.[2] Appellants argue the trial court erred: 1) in sustaining the motions for summary judgment and in ruling appellants failed to adduce evidence that this case fell within a recognized exception to the general rule, there is no duty to protect a business invitee from criminal acts of unknown third persons, giving rise to an assumed duty; and 2) in denying appellants' motion for leave to file a third amendment to petition by interlineation alleging the patdown searches were conducted in a negligent manner failing to discover the existence of a bottle on the person of assailant who struck Mr. Hudson.

In their first point, appellants argue the trial court erred in granting summary judgment, because the appellants introduced sufficient facts to establish BMW and Riverport assumed a duty to protect appellants and were negligent by failing to provide enough, adequate security to prevent an attack by a third person. In an action for negligence, plaintiffs must allege facts which, if proven, would show: "1) the existence of a duty on the part of the defendant to protect the plaintiff from injury, 2) failure of the defendant to perform that duty, and 3) injury to the plaintiff resulting from such failure." *Meadows v.*

*Friedman R.R. Salvage Warehouse,* 655 S.W.2d 718, 720 (Mo.App. E.D.1983).

Under Missouri law, the general rule is there is no duty to protect a business invitee from criminal acts of unknown third persons. *Id.* at 721. However, a duty may be imposed by common law if there is a "special relationship" or if "special facts and circumstances" exist.[3] *Faheen by Hebron v. City Parking Corp.,* 734 S.W.2d 270, 272 (Mo.App. E.D.1987). A "special relationship" exists when a person entrusts himself to the protection of the another and relies on that person to provide "a place of safety." *Groce v. Kansas City Spirit, Inc.,* 925 S.W.2d 880, 884 (Mo. App. W.D.1996). "Historically, special relationships have been limited to relationships such as those of common carrier-passenger, school-student, innkeeper-guest, and sometimes employer-employee." *Id.* at 884–885. The "special facts and circumstances" exception can apply in two situations. *Id.* at 885. The first situation exists when a person, who is known to be violent, or behaves in such a manner as to indicate danger, is on the premises and a sufficient time exists to prevent the injury. *Id.* The second situation occurs when a relationship exists between the plaintiff and the defendant that encourages the plaintiff to enter the premises.[4] Further, the plaintiff must show "prior specific incidents of violent crimes have occurred on the premises that are sufficiently numerous and recent to put a defendant on notice, either actual or constructive, that there is a likelihood third persons will endanger the safety of defendant's invi-

1. Additional facts pertinent to address the issues may be added as necessary.

2. We remind attorneys when drafting their points relied on to review the dictates of *Thummel v. King,* 570 S.W.2d 679, 685–688 (Mo.banc 1978) and Rule 84.04(d).

3. Appellants also argue on appeal, this case falls within the "public use" doctrine exception, citing, *e.g., Roth v. Zukowski,* 757 S.W.2d 581, 583 (Mo.banc 1988). Appellants' reli-

ance on this exception is improper; the exception serves a limited purpose in Missouri case law, in situations where a landlord may be held liable for injuries to his tenant or a tenant's invitees from an artificial condition on the premises.

4. This exception is also commonly referred to as the "violent crimes" exception. *See, e.g., Wood v. Centermark Properties, Inc. .,* 984 S.W.2d 517, 524 (Mo.App. E.D.) 1998).

tee." *Id.* The plaintiff must also show the situation surrounding their injury is of a "sufficiently similar type to the prior specific incidents occurring on the premises that a reasonable person would take precautions to protect his or her invitees against that type of activity." *Id.* A prior crime that occurs indoors may be irrelevant and therefore excluded where the incident in question occurred outdoors. *See, Pickle v. Denny's Restaurant, Inc.,* 763 S.W.2d 678, 681 (Mo.App. W.D.1988).

■ Since, appellants do not allege a "special relationship" existed between themselves and Riverport and BMW, we will not address the issue. Appellants do allege they elicited sufficient evidence, by deposition and documents, to bring this case within the "special facts and circumstances" exception. We disagree. Appellants have failed to show Riverport or BMW had any knowledge the "long-haired" gentleman who assaulted Mr. Hudson was violent or, prior to this incident, acted in a manner as to indicate danger. In fact, in his deposition, Mr. Hudson indicated just the opposite. He testified that two or three minutes before the assault, he and the "long-haired" gentleman had exchanged some words. The long-haired gentleman then walked away, and Mr. Hudson, "just assumed it was over." Further, Mr. Hudson testified he was not even sure if anyone in his group noticed this exchange, and personally, he did not feel the need to inform the security personnel. When the "long-haired" gentleman approached Mr. Hudson the second time, Mr. Hudson testified "just a few seconds" had lapsed between the time he approached Mr. Hudson and struck him. This indicates that not only was there not sufficient time to put Riverport and BMW on notice of the "long-haired" gentleman's violent propensities, but there was insufficient time for the security personnel standing twenty feet away to prevent the attack. Therefore, appellants failed to establish that this case falls within the first situation that the "special facts and circumstances" exception can be applied.

Appellants allege as ticket holders, they were encouraged to come on the premises. By introducing fifty-five police reports from 1992 to 1996, appellant tried to establish that numerous similar prior fights had occurred at Riverport to put them and BMW on notice. Out of fifty-five police reports, fifty-two of them were documented assaults. Only fourteen of the assaults actually occurred on the lawn area, the same location appellants were located; twenty-four occurred in other areas inside the premises of Riverport; and, fourteen occurred in the parking lot. Of the fifty-two assaults, only one involved a glass bottle, and it occurred in the parking lot. After excluding all of the incidents that occurred outside of Amphitheater, there is evidence that thirty-eight assaults occurred at Riverport within a five-year time span. Out of these assaults, most appeared to be fistfights, elbowing, pushing, kicking, and pulling hair; none of these assaults involved a bottle or other similar object. These assaults are not sufficiently similar in nature to the incident in this case or numerous to put Riverport or BMW on notice. Therefore, appellants have failed altogether to establish this case falls within the "special facts and circumstances" exception.

■ Appellants also contend the trial court erred in granting summary judgment and finding no duty existed, because appellants were third-party beneficiaries of the contract between BMW and Riverport. Appellants specifically rely on language in the contract requiring BMW to use their "best efforts" to insure the safety and welfare of patrons. Appellants cite no case law that supports their contentions. In fact, the case they do cite, *Wood v. Centermark Properties, Inc.,* 984 S.W.2d 517, 526 (Mo.App. E.D.1998), diminishes their claim. In *Wood,* the family of a mall tenant's employee sued the owner and manager of the mall for wrongful death, resulting from the abduction of an employ-

ee from the mall's parking lot and her murder. *Id.* at 521. The family claimed the employee was a third-party beneficiary of a contract between the mall owners/managers and her employer, Dillards. *Id.* The contract provided that the mall owners/managers would provide adequate security on the common areas of the mall premises, including the parking lot, to protect the tenants, their employees, and invitees. This court said, "persons usually contract and stipulate for themselves and not for third person[s] sic, a strong presumption arises that such was their intention, and the implication to overcome that presumption must be so strong as to amount to an express declaration." *Id.* at 526 (citation omitted). Further, "the mere desire to confer a benefit on a third party or advance his interest or promote his welfare is not sufficient." *Id.* at 527. The court held, at best, the employee was intended to be an incidental beneficiary and therefore had no enforceable right.

In this case, appellants failed to elicit any evidence or point to specific language in the contract to show BMW or Riverport intended to confer a direct benefit on them. Therefore, they have failed to overcome the strong presumption parties contract for themselves, and to establish a duty on the part of Riverport or BMW.

■ In their second point on appeal, appellants allege the trial court erred in denying their motion for leave to file a third amendment to the petition by interlineation, alleging the pat-down searches were conducted in a negligent manner, failing to discover the existence of a bottle on the person of assailant who struck Mr. Hudson.

■ Rule 55.33(a) provides leave to amend "shall be freely given where justice so requires." Trial courts have broad discretion in granting leave to amend and only clearly erroneous decisions can be reversed. *Wheelehan v. Dueker,* 996 S.W.2d 780, 782 (Mo.App. E.D.1999). "In determining whether leave to amend

should be granted, courts evaluate three different criteria: 1) reasons for the moving party's failure to include the matter in the original proceedings; 2) any prejudice to the non-moving party; and 3) hardship to the party requesting amendment if the request is denied." *Id.* "A trial court does not err when it denies a motion to amend a pleading to assert a claim that possesses no merit ." *Curnutt v. Scott Melvin Transport, Inc.,* 903 S.W.2d 184, 194 (Mo.App. W.D.1995).

In determining whether the trial court erred in denying the motion to amend, it is important to determine whether the proposed amendment could have cured the inadequacies of the appellants' pleading in light of BMW and Riverport's motions for summary judgment. Appellants alleged: "...the search conducted by the Defendants was negligent in failing to discover a glass bottle of alcohol on the perpetrators that engaged in a fight at the performance on the Defendant–Riverport's premises, by which Plaintiff, David Hudson, was struck, resulting in the injuries he sustained . . ."

■ Appellants' proposed amendment and brief on appeal fail to articulate facts and cite to case law that supports their contention BMW and Riverport negligently conducted their searches. As already stated, to establish negligence one must first establish a duty. Further, the general rule is there is no duty to protect a business invitee from criminal acts of unknown third persons. However, one may voluntarily assume a duty to protect the safety of an invitee. *See, Keenan v. Miriam Foundation,* 784 S.W.2d 298, 303 (Mo.App. E.D.1990). And once such a duty is assumed, the defendant must exercise reasonable care. *Id.* However, just because a business employs a security force does not mean they have assumed the duty to protect invitees from third-party criminal assaults. *Wood* at 525. To establish a business assumed a duty to protect their invitees against actions of third parties, there must be a showing that there was an express assurance of safety

to the invitee and the invitee relied on those assurances. *See, Thiele v. Rieter,* 838 S.W.2d 441, 444 (Mo.App. E.D.1992).

Appellants failed to plead or elicit in their depositions whether there was an express assurance of safety made to the patrons of Riverport; and even if such an assurance was made, whether the appellants relied on such. Appellants' claim of a negligent search, as pleaded, lacked merit. Consequently, the trial court did not abuse its discretion in denying their motion for amendment. Further, there is evidence the factual circumstances surrounding the claim for a negligent search, that Mr. Hudson was hit with a bottle on the premises after a pat-down search was conducted at the entrance of the amphitheater, was evident early on in the case. For this reason, the court found the appellants had ample time to plead such a claim and did so on the eve of a summary judgment hearing only to avoid the dispositive motions. We find the trial court decision not to grant leave to amend was not clearly erroneous. The court properly considered both the impact on appellants if the motion was denied, and reasons for the moving party's failure to include the matter in the original proceedings.

Based on the foregoing, we affirm the grant of the motion for summary judgment in favor of BMW and Riverport and find the trial court was not clearly erroneous in denying the appellants' motion for leave to file a third amendment by interlineation.

CRAHAN, J., and DRAPER, J., concur.