A05A1380. IN RE ESTATE OF BELL.
(618 SE2d 194)

JOHNSON, Presiding Judge.

This appeal challenges the sufficiency of the evidence supporting a probate court's order allowing the sale of certain estate property. We find that there is sufficient evidence supporting the order.

James Dalton II was appointed as temporary administrator of the estate of Palmer R. Bell. Dalton petitioned the probate court for leave to sell 3.2 acres of the land in Clayton County at a private sale in order to provide liquidity to the estate and to limit the estate's future liability in maintaining the property. In the petition, Dalton averred that he desired a private sale of the property for the sum of $300,000 because he believed it would not bring that amount at a public sale. He attached to the petition a copy of the sale contract, signed by both him and the purchaser.

The contract contains a paragraph entitled *Environmental Hazards*, which provides that the seller cannot warrant the environmental status of the property, that the property could have been used for the storage or disposal of hazardous or toxic substances, that the property could be in violation of environmental laws or regulations, that there could be asbestos on the property, that the property could have been used as a landfill or dump, that the property could have been used for the operation of a business engaged in the storage or

---

[7] See generally *Fetterolf v. State*, 223 Ga. App. 744, 747 (6) (478 SE2d 889) (1996).

sale of petroleum products, and that there are governmental orders or condemnation proceedings affecting the property.

The probate court held a hearing on the petition. At the hearing, no witnesses testified. Instead, the parties appeared with their attorneys, and the attorneys stated their cases to the judge.

The attorney for the temporary administrator informed the court that the 3.2 acres of land which the temporary administrator wants to sell is located on the west side of Jonesboro Road and has hazardous substances on it. He stated that the proposed buyer of the property had agreed to assume all environmental liability for, and remediation of, the property. The attorney further stated that there is a larger parcel of the decedent's property on the east side of Jonesboro Road which also has hazardous substances on it. A lawsuit concerning the environmental hazards on that property resulted in a $92,500 judgment and ongoing fines of $100 per day.

Patsy Sue Bell Brown, a daughter of the decedent, agreed through her attorney that the property should be sold. Her attorney told the court that he is familiar with the estate property, that he has been on it, and that it is an environmental hazard. He expressly supported the temporary administrator's petition, stating that the temporary administrator had made a good case for selling the property.

Pamela Bell King, another daughter of the decedent, objected to the granting of the petition. Her attorney did not challenge or contradict the petitioner's assertions that the property is an environmental hazard or that the buyer would assume all responsibility for the hazardous property. Rather, he objected to the petition on the grounds that a private sale of the property goes beyond the powers of the temporary administrator, and that the heirs of the estate, not the temporary administrator, should decide whether or not to sell the property.

Based on the record and the arguments of the parties and their attorneys, the probate court granted the petition. Finding that there are environmental hazards on the property which are likely to diminish its value and that the purchaser is willing to assume liability for the property, the court concluded that it is in the best interests of the estate to sell the property.

King appeals from the probate court's order. Her sole enumerated error is that the court's order is not supported by any evidence. The crux of King's argument is that the order is clearly erroneous since no witnesses testified and no documents were formally introduced at the hearing. Under the circumstances of this case, the argument is without merit.

OCGA § 53-8-34 (b) provides: "A temporary administrator of an estate may petition the judge of the probate court for leave to sell

property of the estate, both real and personal, at private sale, for good cause shown, following the same procedure as prescribed for administrators and executors in subsection (a) of this Code section."

Under subsection (a), the administrator of an estate may seek permission to sell estate property to pay debts, and the probate judge may grant such permission if it is in the best interests of the estate.

> The administrator or executor of an estate may petition the judge of the probate court for leave to sell property of the estate, both real and personal, at private sale, to pay debts as well as for distribution. Except as otherwise provided, the method of private sale shall be in the same manner as that prescribed for the sale of property by guardians under Code Sections 29-2-3 and 29-2-4; provided, however, that *the judge shall consider the petition and shall hear evidence thereon and, if the judge shall determine from a consideration of the evidence* that the proposed transaction is fair and in the best interests of the estate, the judge shall, by appropriate order, permit the sale and direct the disposition of the proceeds of the sale.[1]

The question presented in this case is what kind of evidence shall a probate court hear in considering an estate administrator's petition for leave to sell property at private sale? We agree with King that the better practice would be for a probate court to hear sworn testimony from witnesses and consider documents properly entered into evidence. However, we are also mindful that evidence can take forms other than formally tendered documents and testimony.

"Evidence is the means by which any fact which is put in issue, is established or disproved."[2] In the instant case, the critical facts put in issue by the temporary administrator's petition were whether the property in question was an environmental hazard and whether the proposed buyer of the property had agreed to assume liability for the property. These facts were established at the hearing by the statements of counsel to the court.

"Attorneys are officers of the court and their statements in their place, if not objected to, serve the same function as evidence."[3] Here,

---

[1] (Emphasis supplied.) OCGA § 53-8-34 (a). (The General Assembly has amended this Code section by substituting "Code Sections 29-3-35 and 29-5-35" for "Code Sections 29-2-3 and 29-2-4" in the middle of the second sentence. This amendment becomes effective on July 1, 2005.)

[2] (Citation and punctuation omitted.) *Miller Distrib. Co. v. Rollins*, 163 Ga. App. 635, 636 (1) (295 SE2d 187) (1982) (physical precedent only).

[3] *Cross v. Cook*, 147 Ga. App. 695, 696 (3) (250 SE2d 28) (1978).

attorneys for both the temporary administrator and the decedent's daughter Brown stated in court that the property is an environmental hazard. The temporary administrator's attorney further stated that the purchaser of the property would assume all environmental liability for the property. King and her attorney did not object to the opposing counselors' statements, and thus they are taken to be prima facie true.[4]

Moreover, a trial court may take judicial cognizance of records on file in its own court.[5] On file in the probate court was the temporary administrator's petition, which included a copy of the contract for the sale of the property as an exhibit. The trial court was authorized to take judicial cognizance of that document, which, among other things, sets forth a litany of alleged environmental hazards on the property. King has never refuted any of those allegations or made any claim that the property is not hazardous.

Finally, we note that a party cannot acquiesce in a ruling or procedure by a trial court and then complain of it. Failure to object to the procedure amounts to a waiver.[6] In the instant case, King did not object during the hearing to the probate court's consideration of statements by the attorneys as opposed to testimony from witnesses. On the contrary, King fully participated in the procedure by relying on her own attorney's statements to the court. She therefore cannot now complain of the procedure to which she acquiesced.[7]

And under the specific circumstances of this case, we conclude that the lack of witness testimony or admission of documents at the hearing does not render the probate court's order invalid. Because the probate court's critical findings of fact — i.e., that the property is hazardous and that the buyer will assume liability for it — are not in dispute, because there is evidence in the form of in-court statements of fact by counsel and documents in the court's file supporting those findings, and because King acquiesced in the probate court's conduct of the hearing, we conclude that the probate court's order allowing the sale of the property is not clearly erroneous and must be affirmed.[8]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED JULY 26, 2005.

---

[4] See *Sams v. State*, 197 Ga. App. 201, 204 (5) (397 SE2d 751) (1990).

[5] *Baez v. Miller*, 266 Ga. 211 (465 SE2d 671) (1996).

[6] *Plaza Properties v. Prime Business Investments*, 240 Ga. App. 639, 640 (1) (524 SE2d 306) (1999).

[7] See *Padilla v. Melendez*, 228 Ga. App. 460, 461-462 (1) (491 SE2d 905) (1997).

[8] See generally *Veale v. Vandiver*, 167 Ga. App. 865, 868-870 (2), (5) (307 SE2d 749) (1983).

*Albert, Bailey & Wallace, Albert B. Wallace, Stephen B. Wallace II*, for appellant.

*Watts & Watts, Harold B. Watts*, for appellee.