A06A0408. DAVIS et al. v. PHOEBE PUTNEY HEALTH
SYSTEMS, INC. et al.
(634 SE2d 452)

BERNES, Judge.
Named plaintiffs Shawn Davis, Tamala Dupree, Ann Holland and Brian Covington appeal from the trial court's decision dismissing

their class action complaint against appellees Phoebe Putney Health Systems, Inc. and Phoebe Putney Memorial Hospital, Inc. (collectively, "Phoebe"). The complaint alleged breach of contract claims based on the lease agreement between the Hospital Authority of Albany-Dougherty County and Phoebe, and the Patient Consent Forms between appellants and Phoebe. For the reasons that follow, we affirm.

On July 23, 2004, appellants filed the instant lawsuit against Phoebe, seeking damages and equitable relief as representatives of a class of all uninsured patients of Phoebe who were charged for medical care at rates exceeding the rates charged to insured patients or those with Medicaid or Medicare coverage. Thereafter, appellants amended their complaint to raise the same essential allegations under other causes of action. Phoebe filed an answer and motions to dismiss for failure to state a claim upon which relief can be granted.

On May 18, 2005, approximately one week before the trial court's motion hearing, appellants filed their second amended class action complaint. The second amended complaint withdrew the allegations of the first amended complaint, and instead asserted two breach of contract claims (Counts 1 and 2) based upon the lease agreement between the Hospital Authority of Albany-Dougherty County and Phoebe, which granted Phoebe control and operation of the hospital. The second amended complaint also asserted claims for breach of good faith and fair dealing and breach of implied obligation to charge a reasonable price based upon the express Patient Consent Form between appellants and Phoebe (Counts 3 and 4).

At the hearing on Phoebe's motion to dismiss, the parties presented argument on the merits as to each of the claims raised in the second amended complaint. The trial court subsequently entered an order dismissing all of appellants' claims.

1. Appellants contend the trial court improperly considered Phoebe's oral motion to dismiss Counts 1 and 2 of the second amended complaint. They argue that the motion was not properly before the trial court since it was not made in writing and the parties had not briefed the issues. A motion to dismiss for failure to state a claim may be made orally at a hearing. See *Royston v. Royston*, 236 Ga. 648, 649-650 (225 SE2d 41) (1976); *Irby v. Christian*, 132 Ga. App. 796, 796-797 (2) (209 SE2d 245) (1974). At the hearing in this case, both parties argued the merits of the motion to dismiss as to all counts of the second amended complaint. Appellants made no objection to the trial court's consideration of the oral motion until after the hearing had concluded. A party cannot participate and acquiesce in a trial court's procedure and then complain of it. *In re Estate of Bell*, 274 Ga. App. 581, 584 (618 SE2d 194) (2005). By failing to timely object and

by arguing the merits of the oral motion to dismiss at the hearing, appellants waived this claim of error. Id.

Moreover, when appellants did raise the issue, the trial judge instructed both parties to submit their arguments in writing for the court's consideration. Appellants thereafter filed a written brief opposing Phoebe's proposed order granting the motion to dismiss and made no mention of the prior objection. As such, appellants abandoned their claim of error.

2. Appellants next contend the trial court erred in considering evidence outside the pleadings without converting the motion to dismiss into a motion for summary judgment and without giving appellants 30 days to respond. Counts 1 and 2 of the second amended complaint were predicated upon the lease agreement. A copy of the agreement itself was not attached as an exhibit to the complaint, but both parties presented the trial court with copies of the agreement for its review and consideration at the motion hearing.

> When matters outside the pleadings are considered by the trial court on a motion to dismiss for failure to state a claim, the motion is converted to a motion for summary judgment pursuant to OCGA § 9-11-56, and the trial court has the burden of informing the party opposing the motion that the court will consider matters outside the pleadings and that, if the opposing party so desires, the party has no less than 30 days to submit evidence in response to the motion for summary judgment. *Cox Enterprises, Inc. v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000); OCGA § 9-11-12 (b). . . . [T]he party opposing the motion may waive the right to the 30-day notice by acquiescing in the movant's submission of evidence in support of the motion to dismiss. *Cox Enterprises*, 273 Ga. at 153-154.

*Morrell v. Wellstar Health Systems*, 280 Ga. App. 1, 2 (1) (633 SE2d 68) (2006). Here, appellants did not object to Phoebe's presentation of the agreement and in fact presented their own copy of the agreement as well as other documentary evidence on the issues raised by the parties. Thus, appellants acquiesced in Phoebe's submission of evidence in support of the motion to dismiss and, in effect, requested that the motion be converted into one for summary judgment by submitting their own evidence and by urging the trial court and this Court to consider this evidence. "Hence, all parties and the court treated the motion to dismiss as one for summary judgment." (Citation and punctuation omitted.) *Cox Enterprises*, 273 Ga. at 154. "Where, as here, both parties submit evidence in connection with a motion to dismiss for failure to state a claim, there is no indication of prejudice

due to the trial court's failure to give notice of the actual nature of the pending action." (Citation and punctuation omitted.) Id. Under the circumstances, appellants .waived the right to any formal 30-day notice from the trial court. See id.; *Morrell*, 280 Ga. App. at 2 (1); *RTS Landfill v. Appalachian Waste Systems*, 267 Ga. App. 56, 62 (2) (598 SE2d 798) (2004).

3. Appellants contend the trial court erred in dismissing the breach of contract claims asserted in Counts 1 and 2 on the grounds that appellants lacked standing. Appellants allege that they were third-party beneficiaries under the lease agreement and, therefore, had standing to sue for breach of its terms. We disagree.

> As a general rule, an action on a contract, whether the contract is expressed, implied, by parol, under seal, or of record, shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent. The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract.

(Punctuation omitted.) OCGA § 9-2-20 (a), (b). "In order for a third party to have standing to enforce a contract under [OCGA § 9-2-20 (b),] it must clearly appear from the contract that it was intended for his benefit. The mere fact that he would benefit from performance of the agreement is not alone sufficient." (Citations and punctuation omitted.) *Miree v. United States*, 242 Ga. 126, 135 (3) (249 SE2d 573) (1978). A third party does not obtain standing to assert claims for breach of a contract where the contract does not evidence an intent to benefit a third party directly, but rather, only benefits citizens and members of the general public indirectly and incidentally. See *Page v. City of Conyers*, 231 Ga. App. 264, 265-268 (1) (499 SE2d 126) (1998). More importantly, third-party beneficiary status is not conferred when "[t]here is no intention manifested in the contract . . . [to] compensate any member of the public for injurious consequences," and to permit the general public to sue for breach of the contract. *Miree*, 242 Ga. at 136 (3). See also *Page*, 231 Ga. App. at 266 (1), n. 2.

Examining the subject agreement in its entirety, we conclude that it did not express a clear intention to benefit appellants directly. The agreement was prepared as a "definitive agreement to implement [a] plan" to provide "additional long-term flexibility for further ventures and activities of the Hospital," "to [allow the Hospital to] remain competitive" and "to enhance its position as the principal regional provider of specialty health care services in Southwest Georgia." It was intended to "promote the public health needs of the

community" and to "continu[e] . . . the high quality and level of health care services currently rendered at the Hospital."

It is true that the agreement also states the public health needs of the community would be promoted "by making additional facilities available in the community and by lowering the cost of health care in the community." But these benefits are not directed to any particular class of people and instead only benefit indirectly the overall general public to whom Phoebe provides health care services. To this extent, appellants "had no more standing than any other member of the public, and we cannot conclude that the [agreement] was intended for the individual benefit of any claimant." *Miree*, 242 Ga. at 136 (3).

Appellants' reliance upon provisions of the agreement requiring Phoebe to provide indigent and charity care is misplaced. In *Culberson v. Fulton-DeKalb Hosp. Auth.*, 201 Ga. App. 347, 349 (1) (d) (411 SE2d 75) (1991) (physical precedent only), overruled on other grounds, *Lemonds v. Walton County Hosp. Auth.*, 212 Ga. App. 369 (441 SE2d 821) (1994), we held that although the contract between the hospital authority and the counties provided for medical treatment to the counties' indigents, the plaintiffs were not third-party beneficiaries with standing to enforce the contract since the contract did not require the hospital authority to provide patient care to any particular indigent person. As in *Culberson*, the agreement in this case fails to require the provision of indigent or charity care to any particular person.

Finally, the agreement does not provide for direct compensation to any member of the indigent class or of the general public for breach of its provisions and further does not express an intention to permit any third party to sue for its enforcement. Compare *Plantation Pipe Line Co. v. 3-D Excavators*, 160 Ga. App. 756 (287 SE2d 102) (1981). Consequently, appellants do not have standing to bring their claims under the agreement.[1]

4. Appellants' claims otherwise are not materially different from those presented in our recent decisions of *Morrell*, 280 Ga. App. 1; *Pitts v. Phoebe Putney Mem. Hosp.*, 279 Ga. App. 637 (631 SE2d 830) (2006); and *Cox v. Athens Regional Med. Center*, 279 Ga. App. 586 (631 SE2d 792 ) (2006). In those cases, we affirmed the dismissal of claims complaining that hospitals charged uninsured patients for medical treatment at greater rates than those charged for patients covered by insurance or Medicaid and Medicare. We therefore affirm the dismissal of the remaining claims in this case.

---

[1] In light of our holding that appellants lack standing to assert their claims for breach of the lease agreement, appellants' additional contentions that the trial court erroneously held that the complaint's averments were insufficient to set forth causes of action for breach are rendered moot and need not be addressed.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JULY 13, 2006.

*Brown & Shamp, Laura M. Shamp, Robert M. Beauchamp*, for appellants.

*Langley & Lee, Carl R. Langley, McKenna, Long & Aldridge, Phillip A. Bradley*, for appellees.