A07A1823. CDP EVENT SERVICES, INC. v. ATCHESON et al.
(656 SE2d 537)

RUFFIN, Judge.

John Carey Atcheson was injured by another patron while attending a concert at the HiFi Buys Amphitheatre. Atcheson and his mother filed suit against the Amphitheatre, House of Blues Concerts, Inc. ("HOB"), and CDP Event Services, Inc. ("CDP"), the independent contractor that provided security-related services during events at the Amphitheatre, contending that they were liable for Atcheson's injuries based upon their failure to prevent the criminal conduct of the attacker.[1] CDP filed a motion for summary judgment, arguing that it did not owe Atcheson a duty to prevent the attack. The trial court denied the motion, and we granted CDP's application for interlocutory review. On appeal, CDP maintains that the trial court

---

[1] The Atchesons also named the general manager of the Amphitheatre and Tweeter Home Entertainment Group, Inc. d/b/a HiFi Buys Amphitheatre.

erred in concluding that because Atcheson was a third-party benefi-
ciary to the contract between CDP and HOB, CDP owed him a duty
to prevent his attack. For reasons that follow, we reverse.

On appeal, we review a trial court's grant or denial of a motion for
summary judgment de novo to determine whether the evidence of
record, viewed in a light most favorable to the nonmoving party,
demonstrates the existence of any genuine issue of material fact.[2] So
viewed, the record shows that the Atchesons filed suit against HOB
and CDP, alleging that they acted negligently by, inter alia, failing to
hire and train sufficient security personnel, failing to warn of the
danger, and permitting another concert goer to bring a glass bottle
into the facility. HOB answered and filed a third-party complaint
against CDP for indemnification and contribution.[3] CDP moved for
summary judgment, arguing that it owed no contractual duty to
Atcheson because he was not a third-party beneficiary to the security
agreement between HOB and CDP.[4] The trial court denied CDP's
motion on this basis, concluding that "the contractual language . . .
reflects an intent to benefit third party patrons in executing their
performance." For the same reason, it also denied CDP's motion for
summary judgment as to HOB's third-party complaint for common
law indemnification or contribution.[5]

1. CDP contends that the trial court erred in concluding that
because Atcheson was a third-party beneficiary to the security con-
tract, CDP owed him a duty of protection. We agree.

An injured party may recover for personal injuries as a third-
party beneficiary for failure to perform a contractual duty only where
"it is apparent from the language of the agreement that the contract-
ing parties intended to confer a direct benefit upon the plaintiff to
protect him from physical injury."[6] While it is not a requirement that
the third-party beneficiary be specifically named in the contract, "the
contracting parties' intention to benefit the third party must be
shown on the face of the contract."[7]

---

[2] See OCGA § 9-11-56 (c); *Mariner Healthcare v. Foster*, 280 Ga. App. 406, 407 (634 SE2d
162) (2006).

[3] The third-party complaint is not included in the record on appeal, but the trial court's
order indicates that HOB sought indemnification and/or contribution in a third-party com-
plaint.

[4] CDP also argued that it did not owe Atcheson a duty under OCGA § 51-3-1 because it was
not the owner or occupier of the premises. The Atchesons conceded that CDP was neither the
owner nor occupier of the Amphitheatre.

[5] The trial court also denied CDP's motion for summary judgment as to HOB's third-party
complaint for contractual indemnity. However, that ruling is not a part of this appeal.

[6] (Punctuation omitted.) *Anderson v. Atlanta Committee for the Olympic Games*, 273 Ga.
113, 117 (4) (537 SE2d 345) (2000).

[7] *Brown v. All-Tech Investment Group*, 265 Ga. App. 889, 897 (2) (a) (i) (595 SE2d 517)
(2004); see *Northen v. Tobin*, 262 Ga. App. 339, 344 (2) (b) (585 SE2d 681) (2003).

Here, HOB and CDP's security agreement — which contains a merger clause — stated, in pertinent part:

> [CDP] agrees to provide personnel including, but not limited to, personnel engaged in crowd control, audience management, access control, ticket entrance taking, and backstage security at the [HiFi Buys Amphitheatre] in Atlanta, Georgia. . . . Upon request by [HOB], [CDP] shall also cause its employees to control access to the stage and backstage areas prior to, during[,] and after each [a]ttraction. *[CDP's] employees will also use their best efforts to direct and control the audience, to deter any crowd disturbances[,] and to prevent fights or other violent acts among the patrons.*[8]

The appellees argue that the language requiring CDP to "prevent fights or other violent acts among the patrons" reflects HOB and CDP's intent to confer third-party beneficiary status on Atcheson. But the fact that performance of the contract *might* benefit Atcheson does not alone establish the requisite intent.[9] Instead, the contract must show the parties' clear intent to confer a benefit on Atcheson and other patrons of the Amphitheatre, as "[a] third-party beneficiary must be the *intended* beneficiary of the contract; the mere fact that a third party would benefit incidentally from the performance of the contract is not alone sufficient to give such person standing to sue on the contract."[10] As we have previously stated,

> [w]e recognize that whenever a premises owner contracts with a private security company the parties may *expect* the security services provided to benefit invitees who visit the property. As we have held, however, an injured invitee may not recover against the security company for negligent performance if the contract is silent as to the parties' *intent* to confer that benefit.[11]

Atcheson and HOB contend that the cases cited herein are factually distinguishable and therefore inapplicable. The appellees

---

[8] (Emphasis supplied.)

[9] See *Brown*, supra; *Page v. City of Conyers*, 231 Ga. App. 264, 266 (1) (499 SE2d 126) (1998).

[10] (Emphasis in original.) *Page*, supra; see *Gay v. Ga. Dept. of Corrections*, 270 Ga. App. 17, 24 (2) (606 SE2d 53) (2004) (contract language constituting "an acknowledgment of [defendant's] general responsibilities [rather] than a specific undertaking on behalf of the [purported third-party beneficiaries]" is insufficient to establish third-party beneficiary status); *Brown*, supra.

[11] (Emphasis in original.) *Brown*, supra.

are correct that there are no Georgia cases with precisely the same facts as the instant case.[12] They have failed, however, to cite any binding case that supports their argument that Atcheson was a third-party beneficiary of the security contract.[13] And notwithstanding the factual distinctions of the cases cited herein, the law and analysis require that in order to confer third-party beneficiary status, the contract must show on its face that the parties to the contract clearly intended to confer such a benefit.[14]

The Atchesons maintain that the deposition testimony of particular witnesses shows that HOB and CDP intended to confer a benefit upon Atcheson. But because our analysis is restricted to the language of the contract, any such testimony is irrelevant.[15]

The Atchesons rely upon two cases in particular in which it appears that such deposition testimony was considered.[16] Their reliance is misplaced, however. In those cases, the appellate court concluded, based upon the witness' testimony and the clear language of the contract, that the third party did *not* have standing to bring suit.[17] Parol evidence cannot confer third-party beneficiary status where the contract itself fails to do so — as here — because the law requires that "the contracting parties' intention to benefit the third party must be shown on the *face* of the contract."[18] Therefore, the deposition testimony of the witnesses in this case has no bearing upon our analysis.

The security contract between HOB and CDP contains no language reflecting that the agreement was specifically intended for the

---

[12] But see *Hudson v. Riverport Performance Arts Centre*, 37 SW3d 261, 265 (Mo. App. E.D. 2000) (plaintiff who was assaulted while attending a concert at an outdoor amphitheatre was not a third-party beneficiary of the security contract between the premises owner and the private security company which required the security company to use its " 'best efforts' to insure the safety and welfare of patrons"). Although not binding, this case is persuasive.

[13] The trial court relied upon *FPI Atlanta, L.P. v. Seaton*, 240 Ga. App. 880, 887-888 (5) (b) (524 SE2d 524) (1999) (physical precedent only) (where security company's contract with the owner of an apartment complex expressly excluded and limited liability to owners, manager, and "any other parties," tenants who were victims of crime at the complex could bring a negligence action against the security company as third-party beneficiaries). But there was no similar liability limitation language in the contract in the instant case, and thus, the case is inapplicable. Moreover, as the trial court acknowledged, the case is not binding authority, but is physical precedent only. See Court of Appeals Rule 33 (a).

[14] See *Anderson*, supra; *Brown*, supra.

[15] See *Brown*, supra.

[16] See *Anderson*, supra; *Armor Elevator Co. v. Hinton*, 213 Ga. App. 27, 30 (2) (443 SE2d 670) (1994).

[17] Moreover, the merger clause in the instant case precludes our consideration of parol evidence. See *Kaesemeyer v. Angiogenix, Inc.*, 278 Ga. App. 434, 437-438 (1) (629 SE2d 22) (2006). It is not clear from the opinions whether the contracts in the *Anderson* and *Armor Elevator* cases contained merger clauses.

[18] (Emphasis supplied.) *Brown*, supra.

benefit of Atcheson or other patrons of facility events.[19] Thus, the trial court erred in concluding that Atcheson was a third-party beneficiary to whom CDP owed a duty.

2. CDP further contends that the "plaintiffs' allegation of non-feasance, i.e., failure to provide any security in the lawn area, is an insufficient predicate for liability based on negligent performance of the contract or the voluntary undertaking theory." Although the Atchesons briefly addressed this issue in their response to CDP's motion, and both CDP and the Atchesons presented limited oral argument on the issue at the hearing, CDP did not raise the nonfeasance issue in its motion for summary judgment. The trial court declined to rule on the issue, specifically concluding that

> CDP's motion is addressed only to the [single] issue of whether [Atcheson] was a third[-]party beneficiary. Not addressed is whether duty and liability arise by misfeasance in the performance of the contract, . . . and a factual basis to determine whether CDP's actions were nonfeasance or misfeasance has not been presented.

"This court is for the correction of errors [of law], and where the trial court has not ruled on an issue, we will not address it."[20] Thus, we do not consider this enumeration.

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

## DECIDED JANUARY 16, 2008.

*Freeman, Mathis & Gary, Jacob E. Daly, Sun S. Choy,* for appellant.

*Sommers, Scrudder & Bass, Matthew P. Lazarus, Teddy L. Sutherland, Patrick A. Dawson, Andrew W. Jones,* for appellees.

---

[19] See id.; *Anderson,* supra at 117-118; *Armor Elevator,* supra.

[20] (Punctuation omitted.) *DBL, Inc. v. Carson,* 284 Ga. App. 898, 907 (6) (645 SE2d 56) (2007).