A91A1483. BURTON v. DeKALB COUNTY.
(415 SE2d 647)

Pope, Judge.

Plaintiff Tina M. Burton filed a complaint in negligence against defendant DeKalb County, alleging that on April 11, 1988, while working for the State in a building owned by the county, she slipped and fell on water the county had negligently permitted to accumulate on the rest room floor. The complaint further alleged that on March 30, 1989, plaintiff gave the county ante litem notice of her claim as required by OCGA § 36-11-1. Defendant denied liability and also raised the defenses of sovereign immunity and estoppel on the ground plaintiff had not presented notice of the claim within 12 months from the date the claim accrued as required by OCGA § 36-11-1.

Defendant county filed a motion for summary judgment supported by affidavits from the county's chief executive officer and the county attorney attesting they had received no written notice of plaintiff's complaint within 12 months of the incident complained of in the complaint. The plaintiff responded with her own affidavit attesting that on March 30, 1989, her previous attorney sent a letter to Mr. Matt Russo of the DeKalb County Risk Management office informing him of plaintiff's claim. A copy of the letter sent on plaintiff's behalf was attached along with a copy of a letter dated April 24, 1989, from Russo, signed in his capacity as Insurance Manager of the county Risk Management Division, Department of Finance, denying the claim on the ground of sovereign immunity. The trial court issued an order granting summary judgment to the county on the ground that plaintiff failed to give notice of the claim sufficient to meet the requirements of OCGA § 36-11-1.

In response to the plaintiff's motion for reconsideration, the trial court permitted plaintiff to submit the affidavits of her former attorney and the attorney's secretary, both of whom attested that the secretary had called Russo about plaintiff's claim and Russo said the claim should be sent to his attention. The county filed the affidavit of Russo attesting that he did not recall giving such instructions to plaintiff's attorney. A second order was issued reaffirming the grant of summary judgment on the ground that the letter to the insurance manager was insufficient to give ante litem notice as required by the statute and holding that even if Russo had instructed plaintiff's attorney to send notice to him, the statutory requirements of ante litem notice may not be waived. Plaintiff appeals.

The applicable statute, OCGA § 36-11-1, provides: "All claims

against counties must be presented within 12 months after they accrue or become payable or the same are barred . . . ." It is not truly an ante litem notice statute because if a complaint is filed and properly served within the 12-month time limit, the requirements of the statute are met. See *Dement v. DeKalb County*, 97 Ga. 733 (25 SE 382) (1896). The statute does not specify to whom the claim must be presented.

By contrast, a similar statute applicable to municipalities requires a claimant to give written notice to the "*governing authority* of the municipal corporation" prior to filing suit and within six months of the happening of the event upon which the claim is predicated. (Emphasis supplied.) OCGA § 36-33-5 (b). Nevertheless, since the purpose of the statute is simply to give the municipality notice of the grievance and an opportunity to investigate and settle the claim before suit, this court has repeatedly held that substantial compliance with the requirements of the statute which puts the city on notice of the grievance is all that is required. See, e.g., *Tanner v. City of Gainesville*, 162 Ga. App. 405 (2) (290 SE2d 541) (1982); *Hicks v. City of Atlanta*, 154 Ga. 809 (270 SE2d 58) (1980); *Jones v. Mayor &c. of Savannah*, 52 Ga. App. 537 (184 SE 353) (1936). Consequently, in *Hicks*, this court held written notice of a claim mailed to the "Department of Environment and Street (Water Bureau)" was sufficient to give notice of a claim for damage from allegedly improper water pressure. Likewise, in *City of Atlanta v. Fuller*, 118 Ga. App. 563 (164 SE2d 364) (1968), written notice to the city's legal department was held to be sufficient notice under the statute of plaintiff's claim for injuries sustained in an automobile collision with a city truck. In general, this court has held that ante litem notice to a city is in substantial compliance with the statute if it is " 'addressed to and received by the municipality or one of its departments or officials.' *Chiles v. City of Smyrna*, 146 Ga. App. 260, 263 (246 SE2d 117) [(1978)]." *Tanner*, supra at 406.

Defendant county argues that substantial compliance is not sufficient to satisfy the requirements of the statute governing claims against a county, however. This argument is based on *Douglas County v. Brown &c. Enterprises*, 114 Ga. App. 410 (2) (151 SE2d 510) (1966), in which this court held: "A letter written within the 12-months period by one of the plaintiffs in this case to the chairman of the defendant's board of county commissioners, was not sufficient to amount to the presentation of a claim against a county required by [OCGA § 36-11-1]." It was assumed in that case that, although the notice statute does not specify the party to whom ante litem notice must be given in a claim against a county, ante litem notice to a county must be served in the same manner as service of a complaint. Service of a complaint upon a county must be made upon a majority

of the commissioners (OCGA § 36-1-5) or upon the chairman of the board of commissioners or an authorized agent (OCGA § 9-11-4 (d) (5)). As noted above, however, OCGA § 36-11-1 does not specify to whom ante litem notice of a claim must be presented. Certainly, if notice is presented by way of a complaint filed within the 12-month notice period, it must be properly served as provided by statute. In that event, proper service of the complaint would necessarily comply with the notice requirement of OCGA § 36-1-1. But we find no requirement in the notice statute that ante litem notice must be presented in the same manner as service of process. No such requirement is imposed for presenting ante litem notice to a city. Pursuant to OCGA § 9-11-4 (d) (5), service of process upon a city must be made upon the president of the city council, the mayor or city manager or an authorized agent. Nevertheless, as discussed above, ante litem notice is sufficient if presented to the city attorney or any department or official of the municipal government.

Defendant county argues the same substantial compliance rules which apply to ante litem notice to cities should not apply to ante litem notice to counties because " '[c]ounties are subdivisions of the state government . . . [whereas] municipalities are creatures of the legislature and their existence may be established, altered, amended, enlarged or diminished, or utterly abolished by the legislature. (Cits.)' [Cit.]" *Miree v. United States*, 242 Ga. 126, 133 (1) (249 SE2d 573) (1978). We do not consider the constitutional difference between county governments and municipal governments to be dispositive of the issue at hand. The requirement of ante litem notice is a statutorily created benefit granted to both counties and municipalities by the legislature. Just as the purpose of the ante litem statute is to give municipalities a chance to investigate and possibly compromise a claim before suit is filed, "[t]he object of presenting a claim to a county before the institution of suit is to afford the county an opportunity to investigate the claim and ascertain the evidence and to avoid the incurrence of unnecessary litigation." *Davis v. Cobb County*, 65 Ga. App. 533, 534 (15 SE2d 814) (1941). Consequently, we hold that substantial compliance with statutory requirements of ante litem notice is just as sufficient to give notice of a claim to a county as it is to give notice to a municipality. Therefore, the holding in *Douglas County v. Brown &c. Enterprises*, supra, is overruled. Cf. *Sikes v. Candler County*, 247 Ga. 115 (3) (274 SE2d 464) (1981) (in which the Georgia Supreme Court overruled *Douglas* to the extent that it created an inflexible requirement that presentation of a claim to a county must contain a statement of the amount of damages in order to be sufficient under the ante litem notice statute).

The plaintiff in this case presented notice of her claim not simply to a department of the county but to the person who served as the

Insurance Manager for the Risk Management Division of the Department of Finance and that said individual received the notice and responded. Thus, the trial court erred in granting summary judgment to defendant county. Contrary to defendant's argument, this case is materially distinguishable from *Cobb v. Bd. of Commissioners &c. of Tift County*, 151 Ga. App. 472, 473 (2) (260 SE2d 496) (1979), in which we held "notice to the county's liability insurer does not satisfy [OCGA § 36-11-1.]" In this case, evidence was presented that the county did not have an outside insurance carrier but that claims were handled by the county's own risk management employees.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 16, 1992 —
RECONSIDERATION DENIED FEBRUARY 5, 1992 — 

*Eichelberger & Perrotta, James A. Eichelberger, Joseph D. Perrotta*, for appellant.
*Melinda J. Bruley*, for appellee.