A02A1521. PIVIC et al. v. PITTARD et al.
(575 SE2d 4)

JOHNSON, Presiding Judge.

In 1999, Violet Pivic, on behalf of herself and the estate of her late husband, Joseph Pivic, sued her daughter and son-in-law, Valerie and Donald Pittard, seeking to have a warranty deed to the Pivics' home set aside and cancelled.[1] Violet Pivic alleged that the 1989 deed, in which the Pivics conveyed the property to Valerie Pittard with the reservation of a life estate in the Pivics, was procured through undue influence and fraud.

In defending the suit, the Pittards pointed out that the suit was filed beyond the seven-year statute of limitation applicable to equita-

---

[1] Violet Pivic also stated other claims against the Pittards. The trial court denied the Pittards' motion for summary judgment on those claims, and those claims are not at issue in this appeal.

ble actions to cancel deeds.[2] This was one of several grounds upon which the Pittards moved for summary judgment.

In response to the Pittards' motion for summary judgment, Violet Pivic argued that the statute of limitation was tolled because her husband was incapacitated due to Alzheimer's disease from the early 1980s until 1998, when he died. Although Violet Pivic was not incapacitated, she urged that OCGA § 9-3-95, which tolls the limitation period for actions involving individuals with a joint right of action, applied here to toll the period as to both her and her husband, since they were tenants in common.

The trial court denied the Pittards' motion on all except one ground: it held that the statute did not toll the limitation period as to Violet Pivic and that her action to cancel the deed was time-barred. We agree with the trial court and therefore affirm the grant of partial summary judgment to the Pittards.

OCGA § 9-3-90 provides, in pertinent part, that persons who are legally incompetent because of mental illness when a cause of action accrues shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons.

OCGA § 9-3-95 provides that where there is a joint right of action and one or more of the persons having the right are under any of the disabilities specified in OCGA § 9-3-90, the terms of limitation shall not be computed against the joint action until all the disabilities are removed. But if the action is severable so that each person may bring an action for his own share, those free from disability shall be barred after the running of the applicable statute of limitation, and only the rights of those under disability shall be protected.[3]

Violet Pivic insists that she could not bring an action for her own share while her husband was alive because one of the tenants in common was incapacitated, that a deed cannot be cancelled without all of the parties to the deed being present in the suit, and that a deed cannot be cancelled in part. This argument is without merit.

A tenant in common may bring an action separately for her own interest, and the judgment in such case shall only affect herself.[4] Violet Pivic, who suffered from no disability, could have pursued a cause of action to regain title to her interest in the property (while her husband was still alive but disabled) by requesting partial cancellation of the deed.[5]

---

[2] See *Hansford v. Robinson*, 255 Ga. 530 (1) (340 SE2d 614) (1986).

[3] OCGA § 9-3-95.

[4] OCGA § 9-2-23. See *Kitchens v. Jefferson County*, 85 Ga. App. 902, 904 (1) (70 SE2d 527) (1952).

[5] See generally *Johnson v. Yeager*, 188 Ga. App. 588, 589-590 (1) (373 SE2d 763) (1988) (where wife of disabled man had separate right to bring action for loss of consortium, she was not entitled to benefit of tolling provision in OCGA § 9-3-95 based on husband's disability).

In addition, we note that Violet Pivic held a power of attorney which gave her the authority to file an action on Joseph Pivic's behalf if he became incapacitated. And, she could have petitioned the probate court to appoint her or another individual as her husband's guardian under OCGA § 29-5-1 et seq. and pursued an action on his behalf through that route. Thus, there were means by which she could have pursued both of their interests.

In any event, because Violet Pivic could have instituted an action to cancel the deed as to her interest in the property before the statute of limitation expired, the trial court did not err in granting partial summary judgment to the Pittards on this issue.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED OCTOBER 17, 2002 —
RECONSIDERATION DENIED DECEMBER 4, 2002

*McLanahan & Comolli, John M. Comolli*, for appellants.
*Finch & Finch, Walter R. Finch III*, for appellees.