**Fran JONES, Plaintiff,**

v.

**E.R. SNELL CONTRACTOR, INC., et al., Defendants.**

**No. CIV.A.1:01–CV–2038TWT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 30, 2004.

---

**15.** In *ECA,* the County paid $401,897.00 in attorney's fees and costs.

Robert Benton Jackson, IV, Shea E. Roberts, Donald D.J. Stack, Stack & Associates, Atlanta, GA, for Fran Jones, Plaintiff.

John Andrew Nix, Maddox Nix Bowman & Zoeckler, Conyers, GA, for Rockdale County, Georgia, Defendant.

Terry Eugene Williams, Terry Williams & Associates, Lawrenceville, GA, for Rockdale County, Georgia, Defendant.

## ORDER

THRASH, District Judge.

This is an action seeking damages and injunctive relief for violations of the Clean Water Act, 33 U.S.C. § 1365, the Resource Conservation and Recovery Act, 42 U.S.C. § 6945, and various state law claims. The case is before this Court on cross motions for summary judgment. For the reasons set forth below, the Plaintiff's Motion for Partial Summary Judgment [Doc. 74] is denied. The Defendant Rockdale County's Motion for Summary Judgment [Doc. 73] is granted.

## I. BACKGROUND

Plaintiff Fran Jones is a resident of Rockdale County, Georgia. She owns a tract of land situated at 822 Lennox Drive in Rockdale County, consisting of 49.2 acres, including a 3.75 acre lake. The only remaining Defendant in this action, Rockdale County, is a political subdivision of the state of Georgia. The Plaintiff claims that Rockdale County violated the Clean Water Act, the Resource Conservation and Recovery Act, and committed various state law torts because the County is responsible for the deposit of pollutants on her property and in her private lake.

On September 27, 1994, Rockdale County and the Georgia Department of Transportation entered into an agreement to widen from two lanes to four lanes a sec-

tion of State Route 20 located in Rockdale County, Georgia. (Def.'s Ex. A.) The contract spells out the duties of the parties to the agreement. Rockdale County agreed that it would be responsible for the following: (1) funding the design engineering on the project; (2) obtaining the final right of way and construction plans; (3) acquisition of the necessary rights of way for the project using the Department's funds; and (4) all necessary utility adjustments and relocation costs. (*Id.*) All plans were subject to the Department's guidelines and required final approval by the Department. (*Id.*) Once the plans for the project were approved and completed, the Department of Transportation was to "let the project for construction," and except as otherwise provided, was to "bear all costs associated with the actual construction" of the project and was "solely responsible" for securing and awarding the construction contract. (*Id.*) Rockdale County did not participate in the physical construction of the project. (Kaiser Aff. ¶ 7.) "Rockdale County was not responsible for the maintenance of any of the stormwater pipes, paved area or right of way of State Route 20 during the Project or following completion of the Project nor does Rockdale County have any ownership in any of said improvements or right of way." (Kaiser Aff. ¶ 8.) The final plans for the project were approved by the Georgia Department of Transportation. (Kaiser Aff. ¶ 12.)

The Plaintiff's property lies near the intersection of State Route 20 and Lennox Road. (Jones Aff. ¶ 2.) The lake on her property receives runoff from her property, an adjacent residential subdivision developed by the Plaintiff's husband, and from the Epiphany Lutheran Church. (Jones Aff. ¶ 4.) The church and State Route 20 are uphill from her property. (Jones Aff. ¶ 6.) The Plaintiff claims that during the widening of State Route 20, she observed sediment discharges into her private lake, erosion and structural damage

to her culverts and the lake's shore, fish kills in the lake, water color changes in the lake, and the presence of household type trash and other pollutants in her lake and on her land. (Jones Aff. ¶¶ 8–9.) She claims that the damage to her lake and property is the result of the increased stormwater runoff produced by the improvements to State Route 20. The Plaintiff never granted an easement authorizing the additional stormwater discharge caused by the State Route 20 improvement project. (Jones Aff. ¶¶ 14–15.) The Plaintiff gave her ante-litem notice to the Defendant on February 28, 2001, and then filed this suit in August of 2001. The parties currently await this Court's ruling on cross motions for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is material if it "might affect the outcome of the suit under the governing law." *Id.* The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirma-

tive evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505 (1986).

## III. *DISCUSSION*

The Plaintiff claims that the Defendant violated the Clean Water Act, the Resource Conservation and Recovery Act, and committed various state law torts by causing increased stormwater runoff to flow onto her property and into her lake. The Defendant disputes each of the Plaintiff's claims.

### A. *Clean Water Act*

The Plaintiff contends that the Defendant violated the Clean Water Act, and she brings this action pursuant to the citizen suit provision of 33 U.S.C. § 1365. The Clean Water Act makes it illegal to introduce pollutants from any point source into the navigable waters of the United States without a permit. 33 U.S.C. §§ 1311(a), 1342. The Plaintiff contends that the Defendant violated the Act by causing stormwater runoff to flow onto her land and into her lake. The Defendant first denies that it discharged any pollutants, and then argues that even if it did, it did not violate the Clean Water Act because the proper permit was not available.

The parties do not dispute that the Plaintiff's lake constitutes waters of the United States within the meaning of the Clean Water Act. The parties do not dispute the fact that stormwater runoff is a pollutant within the meaning of the Clean Water Act. What is disputed, however, is whether the Defendant discharged any stormwater runoff into the Plaintiff's lake. There are two ways in which the Defendant could be a discharger of pollutants into the Plaintiff's lake. First, the Defendant is a discharger if it performed work which created a point source from which pollutants were discharged into the Plain-

tiff's lake. A point source is "any discernible, confined and discrete conveyance, ... from which pollutants are or may be discharged." 33 U.S.C. § 1362(14). Second, the Defendant is a discharger if it had responsibility for, or control over, the performance of work which created a point source for the discharge of pollutants into the Plaintiff's lake. *United States v. Lambert*, 915 F.Supp. 797, 802 (S.D.W.Va.1996); *United States v. Sargent County Water Resource Dist.*, 876 F.Supp. 1081, 1088 (D.N.D.1992); *United States v. Board of Trustees of Florida Keys Community College*, 531 F.Supp. 267, 274 (S.D.Fla.1981).

In its Motion for Summary Judgment, Rockdale County argues that the Plaintiff has no Clean Water Act claim against it because it did not "discharge" anything as a result of the widening of State Route 20. The County argues that the Georgia Department of Transportation had responsibility for and control of the highway widening project and, therefore, was the party responsible for any discharges of pollution into the Plaintiff's lake. It is undisputed that State Route 20 is a state highway, owned and maintained by the state of Georgia. A citizen suit under the Clean Water Act is not permitted for purely past violations of the Act. *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation. Inc.*, 484 U.S. 49, 64, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987). The Act requires active conduct in order to impose liability in a citizen suit. *Froebel v. Meyer*, 217 F.3d 928, 938–39 (7th Cir. 2000); *City of Las Vegas, Nevada v. Clark County, Nevada*, 755 F.2d 697, 703 (9th Cir.1984) ("Section 505(a)(1) provides a cause of action only against one discharging excess pollutants into a waterway.") Rockdale County makes a persuasive argument that it is not a "discharger" for stormwater runoff from a highway owned and maintained by the state of Georgia.

■ Throughout the course of this litigation, the Plaintiff has taken the position that Rockdale County's liability derived from its involvement in the widening of State Route 20. Nevertheless, in her response to the Defendant's Motion for Summary Judgment, the Plaintiff asserts the entirely new argument (notably absent from her own Motion for Partial Summary Judgment and her first affidavit) that the point source from which pollutants are discharged onto her land and into her lake is the system of "stormwater curbs, gutters, drains, pipes and culverts along the north side of Lennox Road." (Pl.'s Br. in Opp. at 9.) The stormwater drainage system on the north side of Lennox Road (not State Route 20) is owned and maintained by the Defendant. (Def.'s Opp. Ex. 3 at 800889–90.) The Plaintiff contends that the improvements made to that road drainage system to handle the excess runoff from the State Route 20 improvement project make it a point source of pollution discharge within the purview of the Clean Water Act.

Rockdale County contends that the Court should not consider the Plaintiff's new claim because she failed to disclose it during discovery. The Court agrees. The time for discovery had ended and summary judgment motions were pending when the Plaintiff came up with her new theory of liability. In her deposition, the Plaintiff testified that her complaint against Rockdale County was that it failed to take steps to protect her lake in the design and engineering of the highway widening project. (Jones Dep. at 145). The Defendant's Interrogatory No. 2 asked the Plaintiff to state the facts upon which she relied for each claim for relief. The Plaintiff objected to answering the interrogatory on the grounds that the information sought could be obtained from her deposition. This response was incomplete if the Plaintiff was relying upon the County's ownership and maintenance of the "stormwater curbs, gutters, drains, pipes and culverts along the north side of Lennox Road." If she intended to make that claim, the Plaintiff was required by Rule 26(e) to supplement her response, but she did not. The failure is not harmless; allowing the new claim would completely change the nature of the case. Accordingly, Rule 37(c)(1) requires the exclusion of the evidence that the Plaintiff now relies upon in opposing the Defendant's Motion for Summary Judgment.

Based upon the evidence properly before the Court, there is no genuine issue of material fact as to whether Rockdale County is a "discharger" of pollution into the waters of the United States. It is not because it does not own, maintain or control State Route 20. It was not required to obtain a discharge permit issued by the Environmental Protection Agency or an approved state agency. The Plaintiff's legitimate complaint about the effect on her property of the widening of State Route 20 is with the Georgia Department of Transportation which was a Defendant in this action. Rockdale County cannot be enjoined from violations of the law caused by the ownership, operation and maintenance of a state highway. Rockdale County is entitled to summary judgment on the Plaintiff's Clean Water Act claims.

B. *Resource Conservation and Recovery Act*

■ The Resource Conservation and Recovery Act ("Recovery Act") prohibits the open dumping of solid or hazardous waste. 42 U.S.C. § 6945(a). Rockdale County contends that it is entitled to summary judgment on the Plaintiff's Recovery Act claims for two reasons. First, Rockdale County asserts that the type of pollution discharge in this case is exempted from the Recovery Act by the anti-duplication provisions enacted by the EPA. Sec-

ond, Rockdale County contends that the discharges in this case are not solid waste as defined by the Recovery Act at 42 U.S.C. § 6903(27). Because Rockdale County is correct on both points, it is entitled to summary judgment on the Plaintiff's Recovery Act claims.

Initially, the pollution discharges at issue in this case are exempted from the coverage of the Recovery Act because they are instead regulated by the Clean Water Act. The Recovery Act itself does not spell out what amounts to an "open dumping" violation, but instead, leaves this to be determined by the Environmental Protection Agency. 42 U.S.C. §§ 6907, 6945. In section 6905, Congress provided the EPA with guidelines for applying and integrating the Recovery Act with other legislation, including the Clean Water Act. In pertinent part, Congress said that the Recovery Act regulations could not be inconsistent with the Clean Water Act, and should, to the maximum extent possible, avoid duplication with its provisions. 42 U.S.C. § 6905. The EPA's Administrator took heed to those congressional directives, and in adopting the final version of the Recovery Act's criteria, noted that the regulations were designed to eliminate double liability under the Clean Water Act and the Recovery Act. 46 Fed.Reg. 47050 (1981). In doing so, the Administrator reaffirmed the belief that the enforcement mechanisms of the Clean Water Act were sufficient to handle its own violations. *Id.*

 Since the EPA was given authority to determine what constitutes open dumping under the Recovery Act, its construction and regulations are entitled to controlling weight unless "arbitrary, capricious, or contrary to the statute." *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Given the fact that the letter of the statute expressed a desire to avoid duplication, the EPA's construction and regulations which avoid duplication are not "arbitrary, capricious, or contrary to the statute." Accordingly, since the pollution issues in this case are covered by the Clean Water Act, Rockdale County is entitled to summary judgment on the Plaintiff's Recovery Act claims. *See Long Island Soundkeeper Fund, Inc. v. New York Athletic Club*, 1996 WL 131863 (S.D.N.Y.1996).

 Additionally, Rockdale County is entitled to summary judgment because the pollution discharge in this case does not meet the statutory definition of "solid waste." Solid waste, as defined by the Recovery Act, does not include "solid or dissolved materials in ... industrial discharges which are point sources subject to permits under section 1342 of Title 33." 42 U.S.C. § 6903(27). An industrial activity which would give rise to an industrial discharge includes "construction activity including clearing, grading and excavation, except operations that result in the disturbance of less than five acres of total land area." 40 C.F.R. § 122.26(b)(14)(x). The State Route 20 improvement project involved construction activities and more than five acres of land. Thus, its stormwater discharges are excluded from the definition of "solid waste." 40 C.F.R. § 261.4(a)(2) (comment). This exception, of course, was not designed to eliminate all liability for such discharges. Rather, the exception for industrial discharges "subject to permits under section 1342 of Title 33" is a further attempt to avoid duplication with the provisions of the Clean Water Act. *See Williams Pipe Line Co. v. Bayer Corp.*, 964 F.Supp. 1300, 1328 (S.D.Iowa 1997). Accordingly, because the discharges in this case do not amount to dumping of a "solid waste" as defined by the Recovery Act, Rockdale County is entitled to summary judgment on those claims.

## C. State Law Claims

■ The Plaintiff brought several state law claims against Rockdale County, including nuisance, trespass, negligence and violation of riparian rights. Jurisdiction of those claims is supplemental, based on 28 U.S.C. § 1367. Rockdale County has sovereign immunity as to all claims which do not amount to an inverse condemnation of the Plaintiff's land. *DeKalb County v. Orwig*, 261 Ga. 137, 138, 402 S.E.2d 513 (1991). As to her inverse condemnation claim, Rockdale County contends that the Plaintiff's failure to provide the proper ante-litem notice bars that claim. In Georgia, "[a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred ..." O.C.G.A. § 36–11–1. In *Hulsey v. Department of Transp.*, 230 Ga.App. 763, 498 S.E.2d 122 (1998), the Georgia Court of Appeals discussed the accrual of inverse condemnation claims, and held that a taking occurs "as of the point in time when the damaging activity has reached a level which substantially interferes with the owner's use and enjoyment of his property." *Id.* at 766, 498 S.E.2d 122 (internal citations omitted). Generally then, ante-litem notice must be given within twelve months of the point in time when the damaging activity substantially interferes with the owner's use and enjoyment of the property. However, Georgia precedent relaxes the ante-litem notice requirement whenever there is additional damage caused by a continuing nuisance. ·*Reid v. Gwinnett County*, 242 Ga. 88, 89–90, 249 S.E.2d 559 (1978). Nevertheless, the damages which may be recovered in such a case are limited to damages suffered during the twelve months preceding the ante-litem· notice. *Id.* The continuous nuisance dispensation does not apply here because the County is not responsible for a nuisance caused by the ownership and maintenance of a state highway. The Plaintiff's only legitimate complaint against the County is that the design of the highway widening project was faulty. Therefore, the County was entitled to ante-litem notice within twelve months after the project substantially interfered with her property. The Plaintiff has admitted in deposition that the project substantially interfered with her property· as early as July 1999. (Jones Dep. at 140).

■ It is undisputed that the Plaintiff delivered an ante-litem notice to Rockdale County on February 28, 2001. That is more than twelve months after her action accrued. The Plaintiff, however, contends that she gave the County ante-litem notice of her claims on February 29, 1996. While the Plaintiff did address concerns she had with the handling of the State Route 20 improvement project on multiple occasions, none of her written communications with Rockdale County or its agents substantially satisfied the ante-litem notice requirement. *See Burton v. DeKalb County*, 202 Ga.App. 676, 678, 415 S.E.2d 647 (1992) (substantial compliance with ante-litem notice requirement is sufficient); *Williams v. Lowndes County*, 120 Ga.App. 429, 170 S.E.2d 750 (1969) (ante-litem notice must be in writing). The purpose of the ante-litem notice requirement is to give the County notice of the Plaintiff's grievance, and an opportunity to investigate and settle the claim before suit. *Burton v. DeKalb County*, 202 Ga.App. at 677, 415 S.E.2d 647. Therefore, at a minimum, proper ante-litem notice must notify the County that the Plaintiff has a claim upon which it may bring suit—generalized complaints about how the County conducts its business are insufficient.

■ The Plaintiff cited thirteen different times she claims to have provided Rockdale County with written notice of her claims prior to the actual filing of this lawsuit. (Pl.'s Resp. to Def.'s Statement of Facts at 14–15.) Of those thirteen differ-

ent times, only six represented communications from the Plaintiff regarding her concerns with respect to the handling of the State Route 20 improvement project. (Jones Aff., Tab 3 at 800886, 800903, 800923, 800924–25, 800927, and 800942.) Out of those six communications from the Plaintiff, none put Rockdale County on notice that the Plaintiff had a claim upon which she might base a lawsuit. Rather, the Plaintiff's communications were expressions of concern about the State Route 20 improvement project, and expressions of the Plaintiff's concern for her lake. None of the Plaintiff's communications referenced a claim she had against the County; indeed, some of her purported antelitem notice communications were made before any damage was done to her lake or property upon which the Plaintiff could base a claim. (Jones Dep. at 139–40) (stating that there was a substantial impact on her lake from sediment and erosion in July of 1999). Therefore, Rockdale County is entitled to summary judgment on the Plaintiff's state law claims.

## IV. CONCLUSION

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 73] is GRANTED. The Plaintiff's Motion for Partial Summary Judgment [Doc. 74] is DENIED. The Clerk is directed to enter judgment in favor of the Defendant Rockdale County.