**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 16, 2012**

# In the Court of Appeals of Georgia

A12A1111. COWETA COUNTY et al. v. COOPER et al.

ANDREWS, Judge.

Errica Cooper, individually, and on behalf of her minor child, Jordan Cooper, sued Coweta County and Larry Clifton for injuries allegedly suffered by Cooper and her child when the vehicle in which they were traveling was struck from the rear by a County vehicle driven by Clifton. The County and Clifton answered and raised the defense that the Coopers' claims are barred by the failure to present the claims to the County within 12 months after they accrued as required by OCGA § 36-11-1. The County and Clifton appeal claiming that the trial court erred by denying their motion for summary judgment on the basis of this defense. For the following reasons, we affirm in part and reverse in part.

Under OCGA § 36-11-1,

> [a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims.

Failure to present the County with formal written notice of the claim within the 12-month statutory period, or to present the claim to the County by suing and serving the County on the claim within that period, acts as a bar to the claim. OCGA § 36-11-1; *Burton v. DeKalb County*, 202 Ga. App. 676, 677-678 (415 SE2d 647) (1992); *Pearson v. Newton County*, 119 Ga. 863 (47 SE 180) (1904); *Cobb v. Board of Commrs. of Roads & Revenue of Tift County*, 151 Ga. App. 472, 473 (260 SE2d 496) (1979). The plaintiff has the burden of proving substantial compliance with the statute. *Burton*, 202 Ga. App. at 678. The basis for the County's motion for summary judgment was that the OCGA § 36-11-1 notice was sent to a private law firm used by the County as outside legal counsel, and that this was not sufficient to comply with the statutory requirement that the claims be presented to the County.

The claims against the County brought by Cooper and her minor child accrued on February 5, 2009, the date of the vehicular accident. Their suit against the County and Clifton was filed on January 13, 2011, after the expiration of the 12-month period in OCGA § 36-11-1. But on March 4, 2009, within the 12-month statutory period,

Cooper, for herself and on behalf of her minor child, sent a letter by certified mail addressed to "County Attorney's Office" at 10 Brown Street, Newnan, Georgia to the attention of Jerry Ann Conner as "Coweta County Attorney." The letter described the accident and the claims by Cooper and her minor child and stated that it was sent to present and give notice of the claims pursuant to OCGA § 36-11-1. The record does not show whether Conner was located at that address, whether she was an attorney, or if she was the County Attorney. A person at the 10 Brown Street address other than Conner signed for and accepted the certified letter. It is undisputed that 10 Brown Street in Newnan is the address of the law firm of Glover & Davis, P. A. According to an affidavit provided by Nathan T. Lee, a Glover & Davis partner, Glover & Davis is a law firm independent of Coweta County; the firm serves as the County Attorney for Coweta County, which is a client of the firm; but the firm does not have authority to accept notices given pursuant to OCGA § 36-11-1 unless express permission has been granted by the County Administrator. There is no evidence that any such permission was given in this case. Testimony at the hearing on the motion by an employee for Cooper's attorney showed that the employee telephoned the office of the County board of commissioners to find out where to send notice to the County pursuant to OCGA § 36-11-1. According to the employee, an unidentified person

3

answered the phone; told her to send the notice to the County Attorney; and gave the Glover & Davis mailing address without identifying any particular person. Cooper's attorney stated at the hearing that "when we contacted the firm, we were told that they were the ones that – one of the partners or associates that told her that. That's how we based it." Noting the absence of any denial that Conner was the County Attorney, the trial court ruled that Conner and Lee worked together at Glover & Davis as attorneys for the County; that a County employee told Cooper's attorney to send the OCGA § 36-11-1 notice to Glover & Davis; and that, on these facts, sending the notice to Conner at Glover & Davis was substantial compliance with the notice requirement in OCGA § 36-11-1.[1]

The trial court erred by ruling that this was substantial compliance with the requirement that Coweta County be presented with written notice of claims under

---

[1] Although the County initially filed a motion to dismiss for failure to state a claim, when the trial court considered matters outside the pleadings, the motion to dismiss was converted to one for summary judgment pursuant to OCGA § 9-11-56. *Davis v. Phoebe Putney Health Systems, Inc.*, 280 Ga. App. 505, 507 (634 SE2d 452) (2006). The Coopers, in effect, requested that the motion be converted to a motion for summary judgment by submitting evidence, and the County and Clifton concede on appeal that the motion was properly treated as one for summary judgment. Id. Thus all the parties acquiesced in the treatment of the motion to dismiss as one for summary judgment, no party was prejudiced, and the right to receive notice from the court as to the nature of the motion and opportunity to respond was waived. Id. at 507-508

OCGA § 36-11-1. In general, presentation of notice under OCGA § 36-11-1 is sufficient when given to a county attorney employed in-house by a county, or any department or official of a county. *Burton*, 202 Ga. App. at 677-678. The record shows that Glover & Davis is a private law firm hired by the County to represent the County as outside legal counsel. Neither the firm nor its partners or employees can be considered the County's legal department, in-house County Attorney, County official, or other department of the County. There is no evidence that the firm was authorized to act as the County's agent to accept notices presented pursuant to OCGA § 36-11-1. Even assuming that a person who answered the phone in the County board of commissioners office directed Cooper to send the OCGA § 36-11-1 notice to Glover & Davis, nothing shows that Glover & Davis was authorized by the County to accept the notice for the County, and the County employee who gave this direction had no authority to waive the notice requirements of OCGA § 36-11-1. See *City of LaGrange v. USAA Ins. Co.*, 211 Ga. App. 19, 20-21 (438 SE2d 137) (1993).

> The statutory requirements for ante litem notice to the governing authority of the [county] generally may not be waived by the [county] or by an individual, even if that individual is the official directly responsible for the injury or for claims adjustment. To allow waiver by an individual of the legal requirements established for the benefit of the [county] completely obverts the statute and creates new issues and new dangers. What might be verbally agreed to by an individual in governing

5

capacity may not be subject to proof if that individual becomes incapacitated or dies. The official might even deny having made a waiver. An individual may not verbally waive for the [county] what the law requires to be done in writing.

Id. at 21. Moreover, the County cannot be estopped as the result of an *ultra vires* act by an employee. Id.

It follows that there is an absence of evidence in the record to prove that written notice was presented to the County within 12 months after the claims accrued as set forth in OCGA § 36-11-1. To the extent the suit asserted a claim on behalf of Errica Cooper, individually, seeking to hold the County vicariously liable for the negligence of its employee, Clinton, the suit was barred by the failure to comply with OCGA § 36-11-1, and the trial court erred by refusing to grant summary judgment to the County. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). By its terms, however, OCGA § 36-11-1 protects only the County's purse and does not bar claims against the County's agents or employees sought to be held personally liable. *Strickland v. Wilson*, 205 Ga. App. 91, 93 (421 SE2d 94) (1992). To the extent the suit may be construed to assert a claim against Clinton for personal liability, it was not a suit against the County, and the trial court correctly denied the County's motion

6

for summary judgment based on OCGA § 36-11-1. Finally, as set forth above, OCGA § 36-11-1 provides that

> [a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, *provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims.*

(italics supplied). The County does not dispute that Cooper brought the suit, not only individually, but also on behalf of her minor child, who was allegedly injured in the accident. The period under OCGA § 36-11-1 for presenting the child's claim to the County was tolled so that it expires 12 months after the date on which the disability of minority is removed by the child's attainment of the age of lawful majority. See *Barnum v. Martin*, 135 Ga. App. 712, 715-716 (219 SE2d 341) (1975); OCGA § 9-3-90 (a). Although the record does not reflect the child's age, the County did not move for summary judgment on the basis that Cooper's child had attained the age of majority or that the period of time for the child to give the required notice under OCGA § 36-11-1 had expired. Accordingly, we find no error in the trial court's denial of summary judgment in favor of the County on the claim brought on behalf of the child.

*Judgment affirmed in part and reversed in part. Doyle, P. J., and Boggs, J., concur.*