**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 29, 2014**

# In the Court of Appeals of Georgia

A14A1474. WARNELL et al. v. UNIFIED GOVT. OF ATHENS-
CLARKE COUNTY.

MILLER, Judge.

William and Belinda Warnell appeal from the grant of summary judgment to the Unified Government of Athens-Clarke County (the "County") in their suit arising from a collision between William's vehicle and a police car owned by the County. The Warnells contend that the trial court erred in granting summary judgment based on their failure to present their claims to the County within 12 months as required by OCGA § 36-11-1. Discerning no error, we affirm.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material

fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

So viewed, the evidence shows that on February 28, 2011, William was driving his vehicle near the intersection of Lumpkin and Washington Streets in Athens, Georgia. Athens-Clarke County Police Officer Jody Thompson was traveling west on Washington Street in his County-owned patrol car when he proceeded through a red light and collided with William's vehicle. The County had an insurance policy on the patrol car which provided $1 million in automobile liability coverage.

On January 15, 2013, more than 22 months after the accident, the Warnells filed suit against the County, alleging that William had been injured in the accident.[1] Prior to filing their suit, the Warnells admittedly failed to provide any formal written notice of their claims to the County. The County moved for summary judgment, arguing that the Warnells's claims against the County were barred by their failure to comply with the 12-month statute of limitations for presentation of claims set forth in OCGA § 36-11-1. In their response to the County's motion for summary judgment, the Warnells argued that the County's limited waiver of sovereign immunity under

---

[1] The Warnells also raised claims against Thompson in their complaint. Approximately six months later, however, the Warnells dismissed their claims against Thompson without prejudice.

2

OCGA § 33-24-51, based on the County's purchase of liability insurance, barred the County from raising the 12-month notice requirement under OCGA § 36-11-1 as a defense. The trial court granted the County's motion, finding that the 12-month presentation requirement set forth in OCGA § 36-11-1 is wholly unrelated to the limited waiver of sovereign immunity under OCGA § 33-24-51, which resulted from the County's purchase of liability insurance on the patrol car.

In their sole enumeration of error, the Warnells contend that the trial court erred in granting summary judgment to the County, because the express language of OCGA § 33-24-51 (b) limits the County's defenses to only those defenses available to private persons. We disagree.

Under OCGA § 36-11-1,

> *[a]ll claims* against counties *must be presented* within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims.

(Emphasis supplied). "Failure to present the County with formal written notice of the claim within the 12-month statutory period, or to present the claim to the County by suing and serving the County on the claim within that period, acts as a bar to the claim." (Citations omitted.) *Coweta County v. Cooper*, 318 Ga. App. 41, 41-42 (733

SE2d 348) (2012). Under OCGA § 36-11-1, a cause of action against a county does not exist unless the claim has been presented within 12 months after its accrual. See *Atlantic Coast Line R. Co. v. Mitchell County*, 36 Ga. App. 47, 48 (135 SE2d 223) (1926) (holding that suit was barred for failure to present notice to county within 12 months under Civil Code 1910 § 411, OCGA § 36-11-1's virtually identical predecessor). The Warnells have the burden of proving substantial compliance with the statute. *Coweta County*, supra, 318 Ga. App. at 42.

Here, the record shows that the Warnells failed to present notice of their claim to the County with the 12-month statutory period. Notably, the Warnells admittedly failed to present the county with formal written notice before they filed their suit, and they did not file their suit against the County until more than 22 months after the accident. Accordingly, the Warnells's suit against the County is barred, and the trial court properly granted the County's motion for summary judgment. See *Coweta County*, supra, 318 Ga. App. at 44 (holding that trial court erred in refusing to grant summary judgment to county where plaintiff failed to comply with OCGA § 36-11-1).

Nevertheless, the Warnells argue that, pursuant to OCGA § 33-24-51, the County's purchase of liability insurance prohibits the County from raising the Warnells's failure to comply with the 12-month notice requirement as a defense to

4

their suit. To interpret OCGA § 33-24-51 as the Warnells urge would require this Court to disregard the mandatory language of that statute. This we cannot do.

The Warnells also argue that the two-year statute of limitations for personal injuries under OCGA § 9-3-33 applies to their claims in lieu of OCGA § 36-11-1. Regardless of the applicable statute of limitations, a cause of action against a county that is not presented to the county within 12 months after its accrual is barred. *Coweta County*, supra, 318 Ga. App. at 41-42.

Finally, the Warnells argue that the trial court's interpretation of OCGA § 33-24-51 (b) rendered some of the statute's language superfluous. OCGA § 33-24-51 (b) pertinently provides that a county's sovereign immunity is waived for losses arising out of claims for the negligent use of a covered motor vehicle to the extent of the amount of insurance purchased, and that the County "may make only those defenses which could be made if the insured were a private person."

Here, the trial court found that OCGA § 33-24-51 (b) is expressly limited to defenses relating to sovereign immunity. Contrary to the Warnells's argument, the limited waiver of sovereign immunity set forth in OCGA § 33-24-51 (b) does not implicate the 12-month presentation requirement under OCGA § 36-11-1. Because the Warnells failed to present their claim to the County within 12 months after its

5

accrual, and they did not file their suit within that time period, their claim is barred. Accordingly, we find no error in the trial court's grant of summary judgment to the County.

*Judgment affirmed. Doyle, P. J., and Dillard, J., concur.*