MILLER, Presiding Judge,
dissenting.
I respectfully dissent to the majority5s opinion because I would conclude that Leonard complied with the statutory requirements for presentment of his ante litem notice and that Smalley, in fact, had apparent authority to accept the notice.
The purpose of presenting a claim to the County prior to filing suit is to give the County an opportunity to investigate the claim, determine the evidence, and avoid unnecessary litigation. See Burton v. DeKalb County, 202 Ga. App. 676, 678 (415 SE2d 647) (1992). Importantly, OCGA § 36-11-1 does not specify to whom the claim must be presented. See id.; compare OCGA § 36-33-5 (requiring claims against municipal corporations to be presented to the municipal corporation’s “governing authority”).
In this case, Leonard sent a timely formal written ante litem notice of his claim to Smalley, who admittedly was the designated County Attorney for Whitfield County at all material times with regard to this case. Smalley accepted the notice and discussed Leonard’s claim with the County commissioners. Leonard subsequently filed and served his complaint on Smalley, who acknowledged service of the summons and complaint on Whitfield County’s behalf. When the County answered the complaint, it did not raise insufficient service of process as a defense, even though service of a complaint upon a county must be made upon a majority of the commissioners, the chairman of the board of commissioners or an authorized agent. See Burton, supra, 202 Ga. App. at 677-678.
The majority focuses on Smalley’s carefully worded affidavit in which he stated that the County took no formal action to authorize him to accept ante litem notices on the County’s behalf. Importantly, Smalley’s sworn affidavit conveniently stopped short of stating that he had no authority to accept ante litem notices. Rather, the fact that Smalley acknowledged service of the complaint on behalf of the County shows that he had apparent authority to act as the County’s agent with regard to Leonard’s claim. See Burton, supra, 202 Ga.App. at 677-678 (service of a complaint upon a county may be made on the county’s authorized agent). Consequently, this case is distinguishable on its facts from the decision in Coweta County v. Cooper, 318 Ga. App. 41, 43 (733 SE2d 348) (2012), in which there was no evidence that the law firm in question was authorized to act as the County’s agent for the purpose of accepting ante litem notices.
Unlike the majority, I would not read the decision in Coweta County so narrowly as to hold that a designated county attorney from *775 an outside law firm has no apparent authority under any circumstances. Under any circumstances, it is patently unreasonable for a designated county attorney to act in this manner, i.e., to acknowledge timely service of a complaint against a county, discuss the claim with the County, and wait until after expiration of the 12-month ante litem notice period to deny his authority to accept such notice. Moreover, the judicial system in this State is above this type of gamesmanship.
Decided March 30, 2016 —
Reconsideration denied April 14, 2016
R. Leslie Waycaster, Jr., Timothy H. Allred, for appellant.
Womack, Gottlieb & Rodham, Ronald R. Womack, Steven M. Rodham, for appellee.
This interpretation is consistent with the purpose of the presentment requirement of OCGA § 36-11-1, and is, in fact, what happened in this case. The County clearly had an opportunity to investigate Leonard’s claim, to determine the evidence and to avoid unnecessary litigation in this case. See Burton, supra, 202 Ga. App. at 678.
Viewing the evidence in the light most favorable to Leonard, as this Court must, I would find that Smalley had apparent authority to act as the County’s agent for the purpose of accepting Leonard’s ante litem notice and, therefore, I would find that Leonard complied with the presentment requirement of OCGA § 36-11-1.
I am authorized to state that Presiding Judge Barnes concurs in this dissent.